# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 21-CR-35/3:21-mj-02956 |
| v. | ) | EMMET G. SULLIVAN |
| | ) | Judge, United States District Court |
| RONALD COLTON MCABEE | ) | |

## RESPONSE TO THE GOVERNMENT'S MOTION FOR EMERGENCY STAY AND FOR REVIEW AND APPEAL OF RELEASE ORDER

The accused, Ronald Colton McAbee, respectfully responds to the government's motion challenging the Magistrate Judge's order releasing him on conditions pursuant to the Bail Reform Act. (Gov't Mot., R.108.) Because the Court has already granted an emergency stay and set a hearing, McAbee will address only the government's argument that the Magistrate Judge's order should be reversed and replaced with an order of detention. The government argues that McAbee, who was part of the mob at the January 6th riot at the Capitol, poses a danger to society or to the judicial process on the theory that he might engage in political violence or might tamper with evidence or witnesses. (*Id.* at 19-22.)

"In our society, liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Thus, a defendant cannot be detained pending trial on grounds of

dangerousness unless the court "determines that the defendant's history, characteristics, and alleged criminal conduct make *clear* that he or she poses a *concrete, prospective* threat to public safety." *United States v. Munchel*, 991 F.3d 1273, 1280 (D.C. Cir. 2021) (italics added). When applying this standard to a defendant accused of crimes related to the Capitol riot, the court must consider the fact that the circumstances of that day gave many people a "unique," and hence unlikely to recur, "opportunity" to obstruct the political process. *Id.* at 1284. The Court has a "grave constitutional obligation" to leave a defendant at liberty unless the Court first "ensure[s] that the facts and circumstances" of the particular defendant's case warrant detention under the clear-and-convincing standard of proof. *Id.* at 1285.

The government, declining to address McAbee's history and characteristics, asserts essentially that his alleged criminal conduct in and of itself clearly shows that McAbee poses a concrete, prospective threat to society.  It asserts that McAbee: (1) swung at officer C.M.; (2) pinned down officer A.W. for 25 seconds; and, (3) participated in a collective tug-of-war over the movement of officer A.W. (Gov't Mot., R.108 at 6-9.) And it asserts that McAbee tried to use his law-enforcement uniform, which said "sheriff," to gain entry into a passageway outside the Capitol.

(*Id.* at 17.) Finally, it emphasizes the he wore reinforced-knuckle gloves, at one point had a baton, and wore some three-percenter badges, indicating he belonged to, or at least purported to belong to, an antigovernment movement. (*Id.* at 10, 17-18.) These facts prove, according to the government, that McAbee clearly poses the requisite danger to society. (*Id.* 20-21.)

According to the findings of the Magistrate Judge, these "facts" are not actually true, but rather are overstatements of McAbee's conduct. Before ruling, the Magistrate Judge carefully re-reviewed the videos, not the mere still shots provided in the government's motion. (Ex. 1, Det. Hr'g Tr. (Excerpt) at 2.) The Magistrate Judge found the following regarding the government's allegations.

- As for allegedly swinging at officer C.M., McAbee "push[ed] a police officer after the police officer pushed him," which, although wrongful, was not the aggressive act described by the government. (*Id.* at 11.)

- As for allegedly pinning down officer A.W. for 25 seconds, the evidence about what was occurring at that chaotic moment is "conflicting," but McAbee certainly was not on the "offensive." (*Id.*)

3

- As for allegedly using his law-enforcement status to try to make entry, McAbee was simply trying to get out of the fray at that point because he had suffered an injury. (*Id.* at 12.)

- As for the baton, McAbee "chose not to use" it. (*Id.* at 10.)

In sum, the Magistrate Judge found that, although the government had shown that "horrific" crimes were committed and that McAbee was "front and center" in the mob, the government had failed to produce any evidence whatsoever that McAbee had personally engaged in "offensive actions" that day.  (*Id.* at 5, 10.) As for McAbee's mindset, the Magistrate Judge pointed out that the government had failed to produce any relevant text message post-dating January 10, 2021, and that there is "nothing to support this idea that he's continually affiliated with the Proud Boys or any other antigovernment organization." (*Id.* at 16, 17.) Accordingly, the Magistrate Judge concluded that the record, when considered in its entirety, indicates McAbee did not act offensively and aggressively and that he did not have sustained ties to any dangerous group.

Furthermore, as required by statute, the Magistrate Judge considered McAbee's history and characteristics. McAbee had no criminal record whatsoever.

4

(*Id.* at 12.) Nor was there any "evidence of prior dangerousness or violence from his past or history." (*Id.* at 12; *see also id.* at 14-15.) Plus, McAbee had "strong ties to the community" and several strong character witnesses. (*Id.* at 12, 13, 18.) After the January 6th riot, he returned to his home, family, and job. (*Id.* at 4.)

Finally, the Magistrate Judge pointed out that McAbee had not committed any dangerous act or shown any dangerous propensities in the eight-month period before his arrest in August 2021. (*Id.* at 14-15.) Indeed, as the Magistrate Judge further pointed out, the government had allowed McAbee to remain at large for three months after having already located him, which was a decision suggesting McAbee did not appear so dangerous. (*Id.* at 15-16.)

For all these reasons, the Magistrate Judge's decision should not be reversed. McAbee did not engage in any actual assault; he lacked continuing ties to any dangerous group; as of January 6th, he had lived decades as a stable and law-abiding citizen; and, following January 6th, he has continued to live entirely responsibly without showing the least sign of danger to society. The government's evidence fails to satisfy its burden of "clear[ly]" proving that McAbee "poses a concrete, prospective threat to society," either by engaging in political violence or

tampering with evidence or witnesses that the government has failed to even identify with specificity. *Munchel*, 991 F.3d at 1280. The District Court should sustain the Magistrate Judge's order, which requires McAbee to remain on home confinement with an ankle bracelet.

Respectfully submitted,


/s/ Isaiah S. Gant
ISAIAH S. GANT (BPR# 025790)
Assistant Federal Public Defender
810 Broadway, Suite 200
Nashville, TN  37203
615-736-5047

Attorney for Ronald C. McAbee


**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2021, I electronically filed the foregoing pleading with the U.S. District Court Clerk by using the CM/ECF system, which will send a Notice of Electronic Filing to the following: Colleen Kukowski, Assistant United States Attorney, Judiciary Center, 555 4th St. N.W., Washington DC 20530, this 13 day of September, 2021.


/s/ Isaiah S. Gant
ISAIAH S. GANT