; **UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **21-CR-35 (EGS)** |
| | : | |
| **RONALD COLTON MCABEE,** | : | |
| **Defendant.** | : | |

## JOINT RESPONSE TO MINUTE ORDER REGARDING VIDEO EXHIBIT RELEASE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby responds to the Court's September 17, 2021 Minute Order, directing the parties to respond to petitioners' request to access video exhibits submitted to the Court in the above-captioned case. Petitioners represent 16 news organizations, which have moved this Court to disclose video evidence used in the pretrial detention hearing for the defendant in this case, pursuant to the procedure outlined by this Court in Standing Order 21-28 (BAH) in *In re Press Coalition's Motion for Access to Video Exhibits and to Set Aside Standing Order No. 21-28*. The government conferred with the defense counsel in this matter, and the parties agree that the videos submitted to this Court can be released in accordance with the procedure outlined by this Court. *See* Standing Order 21-28 (BAH), at 5-6.

The D.C. Circuit has consistently employed the six-factor "Hubbard test"[1] when

---

[1] The *Hubbard* test balances the following factors: "(1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings." *Leopold v. v. United States*, 964 F.3d 1121, 1131 (D.C. Cir. 2020) (quoting *MetLife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017)).

determining whether the common-law right of access to judicial records requires those records to be made available to the public for copying and inspection. Applied in the general context of video exhibits admitted into evidence in court hearings involving defendants charged with criminal offenses related to the January 6, 2021 breach of the U.S. Capitol, and absent order of the court, that test generally weighs in favor of allowing public access to these exhibits.

The petitioners' filing seeks video exhibits from the detention hearing held in this matter in the Middle District of Tennessee on August 26, 2021 and September 8, 2021. *See* Petitioners' Memorandum of Points and Authorities in Support of Motion (ECF No. 115), at 2. The government submitted four videos to the Middle District of Tennessee at the hearing.   The defense did not submit any videos into evidence.   Neither party sought a sealing order for the videos upon their submission.

Therefore, because the videos were used in the Middle District of Tennessee decision on detention, and they were not subject to a sealing order, the parties do not object to their disclosure, including their release for recording, copying, downloading, retransmitting or further broadcasting.

Respectfully submitted,

Channing D. Phillips
Acting United States Attorney


 */s/ Colleen D. Kukowski*
Colleen D. Kukowski / Benet J. Kearney
DC Bar No. 1012458 / NY Bar No. 4774048
Assistant United States Attorneys
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2646   / (212) 637 2260
Colleen.Kukowski@usdoj.gov
Benet.Kearney@usdoj.gov

2

## CERTIFICATE OF SERVICE

I certify that a copy of the Response to Minute Order Regarding Video Exhibit Release was served on all counsel of record via the Court's electronic filing service.

'

                                       */s/ Colleen D. Kukowski*
                                       COLLEEN D. KUKOWSKI
                                       Assistant United States Attorney

Date:   September 20, 2021