AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of Columbia

ATTEST AND CERTIFY
A TRUE COPY
CLERK
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

By _Vanina ) Hare_
Deputy Clerk

| | |
|---|---|
| United States of America<br>v.<br><br>Ronald Colton McAbee<br><br>_Defendant_ | ) Case: 1:21-cr-00035<br>) Assigned to: Judge Sullivan, Emmet G.<br>) Assign Date: 8/4/2021<br>) Description: INDICTMENT (B)<br>) Related Case No: 21-cr-00035 (EGS) |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
_(name of person to be arrested)_   Ronald Colton McAbee                                                                    ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment       ☐ Superseding Indictment       ☐ Information       ☐ Superseding Information       ☐ Complaint
☐ Probation Violation Petition       ☐ Supervised Release Violation Petition       ☐ Violation Notice       ☐ Order of the Court

This offense is briefly described as follows:

18 USC §§ 111(a)(1) and (b), 2, (Assaulting, Resisting, or Impeding Certain Officers Inflicting Bodily Injury and Aiding and
Abetting);
18 U.S.C. § 111(a)(1)(Assaulting, Resisting, or Impeding Certain Officers);
18 U.S.C. § 231(a)(3)(Civil Disorder);
18 U.S.C. § 1752(a)(1) and (b)(1)(A)(Entering and Remaining in a Restricted Building or Grounds with a Deadly or
Dangerous Weapon);
18 U.S.C. § 1752(a)(2) and (b)(1)(A)(Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly
or Dangerous Weapon);

Robin M. Meriweather
2021.08.05 16:02:47 -04'00'

Date:      08/05/2021                                          _Robin M. Meriweather_
                                                                _Issuing officer's signature_

City and state:    Washington, DC                                     Robin M. Meriweather, U.S. Magistrate Judge
                                                                _Printed name and title_

| Return |
|---|
| This warrant was received on _(date)_  8/17/2021 , and the person was arrested on _(date)_  8/17/2021<br>at _(city and state)_  Nashville, Tennessee.<br><br>Date:  8/17/2021                                          _Arresting officer's signature_<br><br>                              Matthew Acker   FBI  SA<br>                              _Printed name and title_ |

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

### Holding a Criminal Term

### Grand Jury Sworn in on January 8, 2021

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | **CRIMINAL NO. 21-CR-35 (EGS)** |
|  | : |  |
| v. | : | **GRAND JURY ORIGINAL** |
|  | : |  |
| JEFFREY SABOL, | : | **VIOLATIONS:** |
| PETER FRANCIS STAGER, | : | **18 U.S.C. § 1512(c)(2), 2** |
| MICHAEL JOHN LOPATIC SR., | : | **(Obstruction of an Official Proceeding)** |
| CLAYTON RAY MULLINS, | : | **18 U.S.C. §§ 111(a)(1) and (b), 2** |
| JACK WADE WHITTON, | : | **(Assaulting, Resisting, or Impeding** |
| LOGAN JAMES BARNHART, and | : | **Certain Officers Using a Dangerous** |
| RONALD COLTON MCABEE | : | **Weapon)** |
|  | : | **18 U.S.C. § 111(a)(1)** |
| Defendants. | : | **(Assaulting, Resisting, or Impeding** |
|  | : | **Certain Officers)** |
|  | : | **18 U.S.C. § 2111** |
|  | : | **(Robbery in a Federal Enclave)** |
|  | : | **18 U.S.C. § 231(a)(3)** |
|  | : | **(Civil Disorder)** |
|  | : | **18 U.S.C. § 661** |
|  | : | **(Theft in a Federal Enclave)** |
|  | : | **18 U.S.C. § 1752(a)(1) and (b)(1)(A)** |
|  | : | **(Entering and Remaining in a Restricted** |
|  | : | **Building or Grounds with a Deadly or** |
|  | : | **Dangerous Weapon)** |
|  | : | **18 U.S.C. § 1752(a)(2) and (b)(1)(A)** |
|  | : | **(Disorderly and Disruptive Conduct in a** |
|  | : | **Restricted Building or Grounds with a** |
|  | : | **Deadly or Dangerous Weapon)** |
|  | : | **18 U.S.C. § 1752(a)(4) and (b)(1)(A)** |
|  | : | **(Engaging in Physical Violence in a** |
|  | : | **Restricted Building or Grounds)** |
|  | : | **18 U.S.C. § 1752(a)(1)** |
|  | : | **(Entering and Remaining in a Restricted** |
|  | : | **Building or Grounds)** |
|  | : | **18 U.S.C. § 1752(a)(2)** |
|  | : | **(Disorderly and Disruptive Conduct in a** |
|  | : | **Restricted Building or Grounds)** |
|  | : | **18 U.S.C. § 1752(a)(4)** |

Case No.1:21-cr-35
Assign to: Judge Emmet G. Sullivan
Date Assigned: 08/04/2021
Description: SUPERSEDING INDICTMENT (B)
Case Related to 21-cr-35 (EGS)

Case 3:21-mj-02956   Document 1-1   Filed 08/17/21   Page 1 of 4   PageID #: 56

```
                                    :    (Engaging in Physical Violence in a
                                    :    Restricted Building or Grounds)
                                    :    40 U.S.C. § 5104(e)(2)(F)
                                    :    (Violent Entry and Disorderly Conduct in
                                    :    a Capitol Building or Grounds)
```

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

On or about January 6, 2021, within the District of Columbia and elsewhere, **JEFFREY SABOL, PETER FRANCIS STAGER,** and **MICHAEL JOHN LOPATIC SR.** attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, by entering and remaining in the United States Capitol without authority and committing an act of civil disorder.

**(Obstruction of an Official Proceeding and Aiding and Abetting,** in violation of Title 18, United States Code, Sections 1512(c)(2) and 2)

### COUNT TWO

On or about January 6, 2021, within the District of Columbia, **JEFFREY SABOL, PETER FRANCIS STAGER, JACK WADE WHITTON,** and **LOGAN JAMES BARNHART** using a deadly or dangerous weapon, that is, a baton, flag pole, and crutch, did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), and any person assisting such an officer and employee, that is, B.M., an officer from the Metropolitan Police Department, while such officer or employee was engaged in or on account of the performance of official duties.

**(Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon and Aiding and Abetting,** in violation of Title 18, United States Code, Sections 111(a)(1) and (b), and 2)

2

## COUNT THREE

On or about January 6, 2021, within the District of Columbia, **CLAYTON RAY MULLINS** and **RONALD COLTON MCABEE** did forcibly assault, resist, oppose, impede, intimidate, interfere and inflict bodily injury on, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), and any person assisting such an officer and employee, while such officer or employee was engaged in or on account of the performance of official duties, that is, A.W., an officer from the Metropolitan Police Department.

**(Assaulting, Resisting, or Impeding Certain Officers Inflicting Bodily Injury and Aiding and Abetting**, in violation of Title 18, United States Code, Sections 111(a)(1) and (b), and 2)

## COUNT FOUR

On or about January 6, 2021, within the District of Columbia, **CLAYTON RAY MULLINS** did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), and any person assisting such an officer and employee, that is, B.M., an officer from the Metropolitan Police Department, while such person was engaged in and on account of the performance of official duties, and where the acts in violation of this section involve physical contact with the victim and the intent to commit another felony.

**(Assaulting, Resisting, or Impeding Certain Officers**, in violation of Title 18, United States Code, Section 111(a)(1))

## COUNT FIVE

On or about January 6, 2021, within the District of Columbia, **JEFFREY SABOL** and **JACK WADE WHITTON** did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States

3

Government (including any member of the uniformed services), and any person assisting such an officer and employee, that is, A.W., an officer from the Metropolitan Police Department, while such person was engaged in and on account of the performance of official duties, and where the acts in violation of this section involve physical contact with the victim and the intent to commit another felony.

**(Assaulting, Resisting, or Impeding Certain Officers**, in violation of Title 18, United States Code, Section 111(a)(1))

## COUNT SIX

On or about January 6, 2021, within the special maritime and territorial jurisdiction of the United States, **JEFFREY SABOL** did by force and violence, and by intimidation, take and attempt to take from the person or presence of another, that is, A.W., an officer from the Metropolitan Police Department, a thing of value, that is, a police baton

**(Robbery in a Federal Enclave**, in violation of Title 18, United States Code, Section 2111)

## COUNT SEVEN

On or about January 6, 2021, within the District of Columbia, **MICHAEL JOHN LOPATIC SR.** and **RONALD COLTON MCABEE** did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), and any person assisting such an officer and employee, that is, C.M., an officer from the Metropolitan Police Department, while such person was engaged in and on account of the performance of official duties, and where the acts in violation of this section involve physical contact with the victim and the intent to commit another felony.

**(Assaulting, Resisting, or Impeding Certain Officers**, in violation of Title 18, United States Code, Section 111(a)(1))

4

### COUNT EIGHT

On or about January 6, 2021, within the District of Columbia, **JEFFREY SABOL, JACK WADE WHITTON, CLAYTON RAY MULLINS,** and **RONALD COLTON MCABEE** committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer, that is, Officer A.W., an officer from the Metropolitan Police Department, lawfully engaged in the lawful performance of his/her official duties incident to and during the commission of a civil disorder, and the civil disorder obstructed, delayed, and adversely affected the conduct and performance of a federally protected function.

(**Civil Disorder**, in violation of Title 18, United States Code, Section 231(a)(3))

### COUNT NINE

On or about January 6, 2021, within the District of Columbia, **JEFFREY SABOL, PETER FRANCIS STAGER, MICHAEL JOHN LOPATIC SR., JACK WADE WHITTON, CLAYTON RAY MULLINS,** and **LOGAN JAMES BARNHART** committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer, that is, Officer B.M., an officer from the Metropolitan Police Department, lawfully engaged in the lawful performance of his/her official duties incident to and during the commission of a civil disorder, and the civil disorder obstructed, delayed, and adversely affected the conduct and performance of a federally protected function.

(**Civil Disorder**, in violation of Title 18, United States Code, Section 231(a)(3))

### COUNT TEN

On or about January 6, 2021, within the District of Columbia, **MICHAEL JOHN LOPATIC SR.** and **RONALD COLTON MCABEE** committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer, that is, Officer C.M., an officer

5

from the Metropolitan Police Department, lawfully engaged in the lawful performance of his/her official duties incident to and during the commission of a civil disorder, and the civil disorder obstructed, delayed, and adversely affected the conduct and performance of a federally protected function.

(**Civil Disorder**, in violation of Title 18, United States Code, Section 231(a)(3))

## COUNT ELEVEN

On or about January 6, 2021, within the special maritime and territorial jurisdiction of the United States, **MICHAEL JOHN LOPATIC SR.**, did take and carry away, with the intent to steal or purloin, the personal property of another, that is, a body-worn camera, from the person of another, that is Officer B.M., an officer from the Metropolitan Police Department.

(**Theft in a Federal Enclave**, in violation of Title 18, United States Code, Section 661)

## COUNT TWELVE

On or about January 6, 2021, within the District of Columbia, **JACK WADE WHITTON** did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), and any person assisting such an officer and employee, that is, D.P., an officer from the Metropolitan Police Department, and other officers from the Metropolitan Police Department and United States Capitol Police, while such person was engaged in and on account of the performance of official duties, and where the acts in violation of this section involve physical contact with the victim and the intent to commit another felony.

(**Assaulting, Resisting, or Impeding Certain Officers**, in violation of Title 18, United States Code, Section 111(a)(1))

6

## COUNT THIRTEEN

On or about January 6, 2021, within the District of Columbia, **JEFFREY SABOL** did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), and any person assisting such an officer and employee, that is, M.T., an officer from the Metropolitan Police Department, and other officers of the Metropolitan Police Department and United States Capitol Police,- while such person was engaged in and on account of the performance of official duties, and where the acts in violation of this section involve physical contact with the victim and the intent to commit another felony.

**(Assaulting, Resisting, or Impeding Certain Officers**, in violation of Title 18, United States Code, Section 111(a)(1))

## COUNT FOURTEEN

On or about January 6, 2021, within the District of Columbia, **JEFFREY SABOL** did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), and any person assisting such an officer and employee, while such person was engaged in and on account of the performance of official duties, and where the acts in violation of this section involve physical contact with the victim and the intent to commit another felony.

**(Assaulting, Resisting, or Impeding Certain Officers**, in violation of Title 18, United States Code, Section 111(a)(1))

## COUNT FIFTEEN

On or about January 6, 2021, within the District of Columbia, **JEFFREY SABOL** committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer lawfully engaged in the lawful performance of his/her official duties incident

7

to and during the commission of a civil disorder, and the civil disorder obstructed, delayed, and adversely affected the conduct and performance of a federally protected function.

(**Civil Disorder**, in violation of Title 18, United States Code, Section 231(a)(3))

## COUNT SIXTEEN

On or about January 6, 2021, within the District of Columbia, **JEFFREY SABOL, PETER FRANCIS STAGER, JACK WADE WHITTON,** and **RONALD COLTON MCABEE** did unlawfully and knowingly enter and remain in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President and Vice President-elect were temporarily visiting, without lawful authority to do so, and, during and in relation to the offense, did use and carry a deadly and dangerous weapon, that is, a baton, flag pole, crutch, and reinforced gloves.

(**Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon**, in violation of Title 18, United States Code, Section 1752(a)(1) and (b)(1)(A))

## COUNT SEVENTEEN

On or about January 6, 2021, within the District of Columbia, **JEFFREY SABOL, PETER FRANCIS STAGER, JACK WADE WHITTON,** and **RONALD COLTON MCABEE** did knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions, engage in disorderly and disruptive conduct in and within such proximity to, a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President and Vice President-elect were temporarily visiting, when and so that such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions and, during

and in relation to the offense, did use and carry a deadly and dangerous weapon, that is, a baton,

flagpole, crutch, and reinforced gloves.

> (**Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon**, in violation of Title 18, United States Code, Section 1752(a)(2) and (b)(1)(A))

## COUNT EIGHTEEN

On or about January 6, 2021, within the District of Columbia, **JEFFREY SABOL,**

**PETER FRANCIS STAGER, JACK WADE WHITTON,** and **RONALD COLTON**

**MCABEE** did knowingly, engage in any act of physical violence against any person and property

in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area

within the United States Capitol and its grounds, where the Vice President and Vice President-

elect were temporarily visiting and, during and in relation to the offense, did use and carry a deadly

and dangerous weapon, that is, a baton, flag pole, crutch, and reinforced gloves.

> (**Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon**, in violation of Title 18, United States Code, Section 1752(a)(4) and (b)(1)(A))

## COUNT NINETEEN

On or about January 6, 2021, within the District of Columbia, **MICHAEL JOHN**

**LOPATIC SR., CLAYTON RAY MULLINS,** and **LOGAN JAMES BARNHART** did

unlawfully and knowingly enter and remain in a restricted building and grounds, that is, any posted,

cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where

the Vice President and Vice President-elect were temporarily visiting, without lawful authority to

do so.

> (**Entering and Remaining in a Restricted Building or Grounds**, in violation of Title 18, United States Code, Section 1752(a)(1))

## COUNT TWENTY

On or about January 6, 2021, within the District of Columbia, **MICHAEL JOHN LOPATIC SR.**, **CLAYTON RAY MULLINS**, and **LOGAN JAMES BARNHART** did knowingly, and with intent to impede and disrupt the orderly conduct of Government business and official functions, engage in disorderly and disruptive conduct in and within such proximity to, a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President and Vice President-elect were temporarily visiting, when and so that such conduct did in fact impede and disrupt the orderly conduct of Government business and official functions.

> **(Disorderly and Disruptive Conduct in a Restricted Building or Grounds**, in violation of Title 18, United States Code, Section 1752(a)(2))

## COUNT TWENTY-ONE

On or about January 6, 2021, within the District of Columbia, **MICHAEL JOHN LOPATIC SR.**, **CLAYTON RAY MULLINS**, and **LOGAN JAMES BARNHART** did knowingly, engage in any act of physical violence against any person and property in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President and Vice President-elect were temporarily visiting.

> **(Engaging in Physical Violence in a Restricted Building or Grounds**, in violation of Title 18, United States Code, Section 1752(a)(4))

## COUNT TWENTY TWO

On or about January 6, 2021, within the District of Columbia, **JEFFREY SABOL, PETER FRANCIS STAGER, MICHAEL JOHN LOPATIC SR., JACK WADE WHITTON, CLAYTON RAY MULLINS, LOGAN JAMES BARNHART**, and **RONALD COLTON**

10

**MCABEE** willfully and knowingly engaged in an act of physical violence within the United States

Capitol Grounds and any of the Capitol Buildings.

> **(Act of Physical Violence in the Capitol Grounds or Buildings,** in violation of Title 40, United States Code, Section 5104(e)(2)(F))

A TRUE BILL:

FOREPERSON.

*Channing D. Phillips/ATF*
Attorney of the United States in
and for the District of Columbia.

11

I HEREBY CERTIFY
A TRUE COPY
CLERK
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
By _____ Deputy Clerk

## MAGISTRATE JUDGE FRENSLEY COURTROOM MINUTES FOR CRIMINAL
PROCEEDINGS by VIDEOCONFERENCE

U.S.A. v. _Ronald McAbee_ , No. _3:21-mj-2956_

**ATTORNEY FOR GOVERNMENT:** _Josh Kurtzman_

**ATTORNEY FOR DEFENDANT:** _Skip Gant_ (AFPD)   Panel   Retained

**PRETRIAL SERVICES/PROBATION OFFICER:** _Johnny Franklin_

**INTERPRETER NEEDED?**   YES (NO)   LANGUAGE/INTERPRETER: _____
   ☐ PRESENT   ☐ ON TELEPHONE

☑ **Defendant consents to Initial App. and** ☐ **All future hearings before the Magistrate Judge by video conference.**

☑ **INITIAL APPEARANCE** ☐ **ON A SUMMONS** ☑ **ARRESTED ON:** _8.17.21_
   DEFENDANT HAS A COPY OF:
   ☐ Complaint ☑ Indictment ☐ Information ☐ Supervised Release Pet. ☐ Other _____
   ☐ Defendant advised of the charges and the maximum penalties ☐ Defendant has a copy of notice of rights
   ☑ Defendant advised of right to counsel       ☐ Counsel retained
   ☐ Defendant sworn and/or certified under penalty of perjury and financial affidavit filed   ☑ FPD Appointed
   ☐ Defendant advised of right to silence
   ☐ Defendant advised of right to **Consular notification**
   ☑ GOVERNMENT and DEFENDANT advised of Due Process Protections Act of 2020
   ☐ Defendant advised of right to preliminary hearing   ☐ Defendant waived preliminary hearing
   ☑ Government motion for detention   ☐ Defendant temporarily detained
   ☐ Defendant waived detention hearing   ☐ ICE detainer on defendant
   ☐ Defendant reserved right to hearing in future   ☐ Defendant to be returned to State custody
   ☐ Defendant to remain in Federal custody   ☐ Defendant waived rights under IAD
   ☐ Defendant remain on current conditions of supervised release
   ☐ Defendant ordered to psychological/psychiatric evaluation
   ☐ Defendant released on:
       ☐ Own recognizance with conditions of release   ☐ standard   ☐ special
       ☐ Appearance bond in the amount of: _____
       ☐ Property bond [description of property]: _____
   ☑ **RULE 5** - Defendant advised of right to identity hearing   ☑ Defendant waived identity hearing
   ☐ **RULE 5** - Defendant reserved right to have preliminary hearing in District of Prosecution
   ☐ **RULE 5** - Defendant elected to have detention hearing in District of Prosecution
   ☐ **RULE 5** - DEFENDANT ADVISED OF RIGHT TO RULE 20 TRANSFER
☑ **PRELIMINARY/DETENTION/ARRAIGNMENT CONTINUED TO:** _9:30 am on 8.26.21 via VTC_

☐ **GRAND JURY WAIVED IN OPEN COURT**   [Defendant sworn and advised of rights by Court]
☐ **ARRAIGNMENT**
   ☐ Defendant acknowledges he/she has copy of Indictment/Information   ☐ Court advised Def. of penalties
   ☐ Defendant waives reading thereof   ☐ Indictment/Information read to defendant by Judge
   **PLEA:** ☐ **GUILTY**   ☐ **NOT GUILTY**   ☐ Defendant intends to plead guilty and case referred to DJ

**DATE:** _8.17.21_       **TOTAL TIME:** _12 minutes_
**BEGIN TIME:** _1:16 pm_   **END TIME:** _1:28 pm_
_Digitally Recorded_

Form Revised 2/9/2018       Page 1 of _1_

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

ATTEST AND CERTIFY
A TRUE COPY
CLERK
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
By _____
Deputy Clerk

UNITED STATES OF AMERICA          )
                                  )
          v.                      )
                                  )
RONALD McABEE                     )

**ORDER**   NO. 3:21-mj-2956

On the basis of Defendant's affidavit in this cause, the Court determines

that Defendant:

☐     is financially able to employ counsel and, therefore, denies his application
      for appointment of counsel at government expense.

X     is financially unable to employ counsel and appoints the Office of the
      Federal Public Defender to represent him.

X     is financially unable to pay the fee of any witness and pursuant to Rule
      17(b), of the Federal Rules of Criminal Procedure, the Clerk shall issue a
      subpoena for any witness, PROVIDED that Defendant and his counsel shall
      submit subpoenas only for those witnesses whose presence is necessary
      to present an adequate defense to the charge or charges.

☐     Upon Motion of the Government, the Court may order repayment or
      partial repayment from Defendant for the attorney and witness fees for
      these services should it appear Defendant has such ability at a later time.

It is so ORDERED.

Dated:   August 17, 2021

                              _____
                              JEFFERY S. FRENSLEY
                              United States Magistrate Judge

cc:   United States Attorney
      Federal Public Defender
      United States Probation
      United States Marshal

AO 470 (Rev. 01/09) Order Scheduling a Detention Hearing

# UNITED STATES DISTRICT COURT
## for the
### Middle District of Tennessee

ATTEST AND CERTIFY
A TRUE COPY
CLERK
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
By _Vanina Haynen_
Deputy Clerk

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. 3:21-mj-2956 |
| Ronald McAbee | ) |
| *Defendant* | ) |

## ORDER SCHEDULING A DETENTION HEARING

A detention hearing in this case is scheduled as follows:

| Place: | U.S. Courthouse<br>801 Broadway<br>Nashville, TN 37203 | Courtroom No.: | via Videoconference |
|---|---|---|---|
| | | Date and Time: | 08/26/2021 at 9:30 AM |

**IT IS ORDERED:**  Pending the hearing, the defendant is to be detained in the custody of the United States marshal or any other authorized officer.  The custodian must bring the defendant to the hearing at the time, date, and place set forth above.

Date:  08/17/2021

_____
*Judge's signature*

Jeffery S. Frensley, U.S. Magistrate Judge
*Printed name and title*

ATTEST AND CERTIFY
A TRUE COPY
CLERK
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
By *Vanure 7-tape*
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case   No.   3:21-mj-2956 |
| | ) | Magistrate Judge Frensley |
| | ) | |
| RONALD McABEE | ) | |
| Defendant | ) | |

### O R D E R

Pursuant to the Due Process Protections Act, the court reminds the government of its

obligation under Brady v. Maryland, 373 U. S. 83 (1963), to disclose evidence favorable to the

defendant and material to the defendant's guilt or punishment. The government is ordered to

comply with Brady and its progeny. The failure to do so in a timely manner may result in

consequences, including dismissal of the indictment or information, exclusion of government

evidence or witnesses, adverse jury instructions, dismissal of charges, contempt proceedings,

sanctions by the Court, or any other remedy that is just under the circumstances.

IT IS SO ORDERED.

JEFFERY S. FRENSLEY
United States Magistrate Judge

AO 470  (Rev. 01/09)  Order Scheduling a Detention Hearing

# UNITED STATES DISTRICT COURT

### for the

Middle  District of Tennessee

ATTEST AND CERTIFY
A TRUE COPY
CLERK
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
By *Vanine Hayner*
Deputy Clerk

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.  3:21-mj-2956 |
| | ) | |
| Ronald McAbee | ) | |
| *Defendant* | ) | |

## ORDER SCHEDULING A DETENTION HEARING

A detention hearing in this case is scheduled as follows:

| Place: | U.S. Courthouse<br>801 Broadway<br>Nashville, TN 37203 | Courtroom No.: | via Videoconference |
|---|---|---|---|
| | | Date and Time: | 08/26/2021 at 9:30 AM |

**IT IS ORDERED:**  Pending the hearing, the defendant is to be detained in the custody of the United States marshal or any other authorized officer.  The custodian must bring the defendant to the hearing at the time, date, and place set forth above.

Date:    08/17/2021

_____
*Judge's signature*

Jeffery S. Frensley, U.S. Magistrate Judge
*Printed name and title*

ATTEST AND CERTIFY
A TRUE COPY
CLERK
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
By *Vanure T-ta pa*
Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 3:21-mj-2956 |
| | ) | Magistrate Judge Frensley |
| | ) | |
| RONALD McABEE | ) | |
| Defendant | ) | |

## O R D E R

Pursuant to the Due Process Protections Act, the court reminds the government of its obligation under Brady v. Maryland, 373 U. S. 83 (1963), to disclose evidence favorable to the defendant and material to the defendant's guilt or punishment. The government is ordered to comply with Brady and its progeny. The failure to do so in a timely manner may result in consequences, including dismissal of the indictment or information, exclusion of government evidence or witnesses, adverse jury instructions, dismissal of charges, contempt proceedings, sanctions by the Court, or any other remedy that is just under the circumstances.

IT IS SO ORDERED.

JEFFERY S. FRENSLEY
United States Magistrate Judge

AO 470  (Rev. 01/09)  Order Scheduling a Detention Hearing

# UNITED STATES DISTRICT COURT
## for the
### Middle  District of Tennessee

ATTEST AND CERTIFY
A TRUE COPY
CLERK
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

By *Vanure Hane*

Deputy Clerk

|  |  |  |
|---|---|---|
| United States of America | ) |  |
| v. | ) | Case No.  3:21-mj-2956 |
|  | ) |  |
| Ronald McAbee | ) |  |
| *Defendant* | ) |  |

## ORDER SCHEDULING A DETENTION HEARING

A detention hearing in this case is scheduled as follows:

| Place: | U.S. Courthouse<br>801 Broadway<br>Nashville, TN  37203 | Courtroom No.: | VTC |
|---|---|---|---|
|  |  | Date and Time: | 09/03/2021 at 1:00 PM |

**IT IS ORDERED:**  Pending the hearing, the defendant is to be detained in the custody of the United States marshal or any other authorized officer.  The custodian must bring the defendant to the hearing at the time, date, and place set forth above.

Date:  _____08/26/2021_____

_____
*Judge's signature*

Jeffery S. Frensley, U.S. Magistrate Judge
*Printed name and title*

ATTEST AND CERTIFY
A TRUE COPY
CLERK
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
By *Vanne Haun*
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:21-MJ-2956 |
| | ) | |
| | ) | JUDGE FRENSLEY |
| RONALD COLTON MCABEE | ) | |

## <u>MOTION TO CONTINUE DETENTION HEARING</u>

COMES NOW the United States of America, by and through Mary Jane Stewart, United States Attorney, and the undersigned Assistant United States Attorney, Joshua A. Kurtzman, and move this court to briefly continue the detention hearing in this matter currently set for Friday, September 3, 2021, at 1:00 P.M.

For cause, the United States submits that the United States' sole witness, FBI Special Agent Matthew Acker, is ill and unable to continue his testimony. The detention hearing recessed as defense counsel began his cross-examination of Special Agent Acker. The United States informed counsel for the Defendant of Special Agent Acker's illness and the parties are both able to continue the hearing on the morning of Wednesday, September 8, 2021. Defense counsel is aware that this Motion is being filed and has not objected to this short continuance. The United States submits that the brief delay does not appear to prejudice either party.

Therefore, the United States respectfully requests that the court continue the detention hearing to the morning September 8, 2021.

Respectfully submitted,

MARY JANE STEWART
Acting United States Attorney

By:     *s/ Joshua A. Kurtzman*
JOSHUA A. KURTZMAN

Assistant U. S. Attorney
110 9th Avenue South - Suite A-961
Nashville, Tennessee 37203-3870
Telephone: 615-401-6617

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing will be served electronically to counsel for defendant, via the Court's Electronic Case Filing System, on September, 2021.

_s/ Joshua A. Kurtzman_
JOSHUA A. KURTZMAN
Assistant United States Attorney

I SO CERTIFY
TRUE COPY
CLERK
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
By _Vanni Fina_
Deputy Clerk

**MAGISTRATE JUDGE FRENSLEY COURTROOM MINUTES FOR CRIMINAL**
**PROCEEDINGS by VIDEOCONFERENCE**

U.S.A. v. _Ronald McAbee_ , No. _21-mj-2956-1_

ATTORNEY FOR GOVERNMENT: _Josh Kurtzman_

ATTORNEY FOR DEFENDANT: _Skip Gant_                    (AFPD)   Panel   Retained

PRETRIAL SERVICES/PROBATION OFFICER: _Douglas Murphy_

INTERPRETER NEEDED?   YES   (NO)   LANGUAGE/INTERPRETER: _____
                              ☐ PRESENT          ☐ ON TELEPHONE

☐ **Defendant consents to Initial App. and** ☑ **All future hearings before the Magistrate Judge by video conference.**

☐ **INITIAL APPEARANCE**  ☐ **ON A SUMMONS**  ☐ **ARRESTED ON:** _____
    DEFENDANT HAS A COPY OF:
    ☐ Complaint ☐ Indictment ☐ Information ☐ Supervised Release Pet. ☐ Other _____
    ☐ Defendant advised of the charges and the maximum penalties  ☐ Defendant has a copy of notice of rights
    ☐ Defendant advised of right to counsel          ☐ Counsel retained
    ☐ Defendant sworn and/or certified under penalty of perjury and financial affidavit filed       ☐ FPD Appointed
    ☐ Defendant advised of right to silence
    ☐ Defendant advised of right to **Consular notification**
    ☐ GOVERNMENT and DEFENDANT advised of Due Process Protections Act of 2020
    ☐ Defendant advised of right to preliminary hearing          ☐ Defendant waived preliminary hearing
    ☐ Government motion for detention                    ☐ Defendant temporarily detained
    ☐ Defendant waived detention hearing                ☐ ICE detainer on defendant
    ☐ Defendant reserved right to hearing in future          ☐ Defendant to be returned to State custody
    ☐ Defendant to remain in Federal custody            ☐ Defendant waived rights under IAD
    ☐ Defendant remain on current conditions of supervised release
    ☐ Defendant ordered to psychological/psychiatric evaluation
    ☐ Defendant released on:
        ☐ Own recognizance with conditions of release   ☐ standard   ☐ special
        ☐ Appearance bond in the amount of: _____
        ☐ Property bond [description of property]: _____
    ☐ **RULE 5** - Defendant advised of right to identity hearing       ☐ Defendant waived identity hearing
    ☐ **RULE 5** - Defendant reserved right to have preliminary hearing in District of Prosecution
    ☐ **RULE 5** - Defendant elected to have detention hearing in District of Prosecution
    ☐ **RULE 5** - DEFENDANT ADVISED OF RIGHT TO RULE 20 TRANSFER
☐ **PRELIMINARY/DETENTION/ARRAIGNMENT CONTINUED TO:** _____

☐ **GRAND JURY WAIVED IN OPEN COURT**       [Defendant sworn and advised of rights by Court]
☐ **ARRAIGNMENT**
    ☐ Defendant acknowledges he/she has copy of Indictment/Information   ☐ Court advised Def. of penalties
    ☐ Defendant waives reading thereof          ☐ Indictment/Information read to defendant by Judge
    PLEA: ☐ GUILTY   ☐ NOT GUILTY       ☐ Defendant intends to plead guilty and case referred to DJ

DATE: _8.26.21_                    **TOTAL TIME:** _1 hour, 2 minutes_
BEGIN TIME: _9:36am_               END TIME: _10:38 am_
_**Digitally Recorded**_

Form Revised 2/9/2018                    Page 1 of _2_

UNITED STATES OF AMERICA v. _Ronald McAbee_____   NO. 3:21-mj-2956-1

---

☐ **RULE 5 IDENTITY HEARING**
    ☐ Held, defendant found to be person named in warrant
    ☐ Held, defendant found NOT to be person named in warrant and released
    ☐ Waived in open Court

☑ **PRELIMINARY HEARING**       **CONTINUED TO:** ~~illegible~~ .
    ☐ Probable Cause found/Held to answer/bound over    ☐ Discharged from custody
    ☐ Defendant waived preliminary hearing
    ☐ RULE 5 - Held to answer in District of Prosecution
    ☐ RULE 5 - Defendant reserved right to have hearing in District of Prosecution

☑ **DETENTION HEARING**       **CONTINUED TO:** 9.3.21 at 1 pm via VTC.
    ☐ Government withdrew motion for detention or agreed to release
    ☐ Pretrial Services Report made a part of the record    ☐ Counsel moved to retain copy of PTSR/granted
    ☐ Bond set at:_____    ☐ Defendant released on [date]:_____
    ☐ RULE 5 - Defendant elected to have hearing in District of Prosecution
    ☐ Defendant waived detention hearing    ☐ Defendant reserved right to hearing in future
    ☐ Defendant detained, order to enter    ☐ ICE detainer pending
    ☐ Defendant to remain in Federal custody    ☐ Defendant to be returned to State custody
    ☐ Government moved for stay of execution of release pending appeal
        ☐ Motion granted    ☐ Motion denied
    ☐ Defendant advised of right to appeal

☐ **ARRAIGNMENT ON MISDEMEANOR**
    ☐ Defendant acknowledges he/she has copy of Indictment/Information
    ☐ Indictment/Information read to defendant by Judge    ☐ Defendant waives reading thereof
    **PLEA:** ☐ **GUILTY**    ☐ **NOT GUILTY**
    ☐ Misdemeanor - defendant consented to trial before Magistrate Judge
    ☐ Written plea agreement/filed in open Court    ☐ Oral plea agreement
    ☐ Guilty plea:    ☐ Accepted    ☐ Rejected    ☐ Taken under advisement

☐ **OTHER**
    ☐ Type of hearing and outcome: _____
    _____

☐ **DEFENDANT DID NOT APPEAR AS DIRECTED, BENCH WARRANT ISSUED**

---

**NOTES/EVIDENTIARY MATTERS/SENTENCING:**    (Witnesses, Exhibits, Attach W/Ex List if necessary)

**MAGISTRATE JUDGE FRENSLEY COURTROOM MINUTES FOR CRIMINAL
PROCEEDINGS by VIDEOCONFERENCE** *Rule 5*

U.S.A. v. _Ronald M Abee_ , No. _21-mj-2956_

ATTORNEY FOR GOVERNMENT: _Josh Kurtzman / Colleen Kukowski_

ATTORNEY FOR DEFENDANT: _Skip Gant_ (AFPD) Panel Retained

PRETRIAL SERVICES/PROBATION OFFICER: _Douglas Murphy_

INTERPRETER NEEDED?   YES   NO   LANGUAGE/INTERPRETER: _____
☐ PRESENT   ☐ ON TELEPHONE

☒ Defendant consents to Initial App _NextNco_ and ☒ All future hearings before the Magistrate Judge by video conference.

☐ **INITIAL APPEARANCE** ☐ **ON A SUMMONS** ☐ **ARRESTED ON:** _____
　DEFENDANT HAS A COPY OF:
　☐ Complaint ☐ Indictment ☐ Information ☐ Supervised Release Pet. ☐ Other _____
　☐ Defendant advised of the charges and the maximum penalties ☐ Defendant has a copy of notice of rights
　☐ Defendant advised of right to counsel　　　☐ Counsel retained
　☐ Defendant sworn and/or certified under penalty of perjury and financial affidavit filed　☐ FPD Appointed
　☐ Defendant advised of right to silence
　☐ Defendant advised of right to **Consular notification**
　☐ GOVERNMENT and DEFENDANT advised of Due Process Protections Act of 2020
　☐ Defendant advised of right to preliminary hearing　　☐ Defendant waived preliminary hearing
　☐ Government motion for detention　　　　　　　☐ Defendant temporarily detained
　☐ Defendant waived detention hearing　　　　　　☐ ICE detainer on defendant
　☐ Defendant reserved right to hearing in future　　　☐ Defendant to be returned to State custody
　☐ Defendant to remain in Federal custody　　　　　☐ Defendant waived rights under IAD
　☐ Defendant remain on current conditions of supervised release　Written Waiver to be filed
　☐ Defendant ordered to psychological/psychiatric evaluation
　☐ Defendant released on:
　　　☐ Own recognizance with conditions of release　☐ standard　☐ special
　　　☐ Appearance bond in the amount of: _____
　　　☐ Property bond [description of property]:_____ ATTEST AND CERTIFY
　☐ **RULE 5** - Defendant advised of right to identity hearing　☐ Defendant waived identity hearing TRUE COPY
　☐ **RULE 5** - Defendant reserved right to have preliminary hearing in District of Prosecution. DISTRICT COURT
　☐ **RULE 5** - Defendant elected to have detention hearing in District of Prosecution MIDDLE DISTRICT OF TENNESSEE
　☐ **RULE 5** - DEFENDANT ADVISED OF RIGHT TO RULE 20 TRANSFER By _Vanene Kane_
☐ **PRELIMINARY/DETENTION/ARRAIGNMENT CONTINUED TO:**_____ Deputy Clerk

☐ **GRAND JURY WAIVED IN OPEN COURT**　[Defendant sworn and advised of rights by Court]
☐ **ARRAIGNMENT**
　☐ Defendant acknowledges he/she has copy of Indictment/Information　☐ Court advised Def. of penalties
　☐ Defendant waives reading thereof　　　　☐ Indictment/Information read to defendant by Judge
　**PLEA:** ☐ GUILTY　☐ NOT GUILTY　☐ Defendant intends to plead guilty and case referred to DJ

DATE: _9-8-21_　　　TOTAL TIME: _2 hrs. + 29 min_
BEGIN TIME: _10:26_　END TIME: _12:55_
*Digitally Recorded*

Form Revised 2/9/2018

Page 1 of 2

UNITED STATES OF AMERICA v. _Ronald McAbee_   NO. _21-mj-2956_   *Rule 5*

☐ **RULE 5 IDENTITY HEARING**
 ☐ Held, defendant found to be person named in warrant
 ☐ Held, defendant found NOT to be person named in warrant and released
 ☐ Waived in open Court

☐ **PRELIMINARY HEARING**   **CONTINUED TO:** _____
 ☐ Probable Cause found/Held to answer/bound over  ☐ Discharged from custody
 ☐ Defendant waived preliminary hearing
 ☐ RULE 5 - Held to answer in District of Prosecution
 ☐ RULE 5 - Defendant reserved right to have hearing in District of Prosecution

☒ **DETENTION HEARING**   **CONTINUED TO:** _____
 ☐ Government withdrew motion for detention or agreed to release
 ☐ Pretrial Services Report made a part of the record ☐ Counsel moved to retain copy of PTSR/granted
 ☒ Bond set at: _OR w/ Conditions_ ☒ Defendant released on [date]: _9-10-21 if no reversal_
 ☐ RULE 5 - Defendant elected to have hearing in District of Prosecution
 ☐ Defendant waived detention hearing  ☐ Defendant reserved right to hearing in future
 ☐ Defendant detained, order to enter  ☐ ICE detainer pending
 ☐ Defendant to remain in Federal custody ☐ Defendant to be returned to State custody
 ☐ Government moved for stay of execution of release pending appeal
   ☐ Motion granted  ☐ Motion denied
 ☐ Defendant advised of right to appeal

☐ **ARRAIGNMENT ON MISDEMEANOR**
 ☐ Defendant acknowledges he/she has copy of Indictment/Information
 ☐ Indictment/Information read to defendant by Judge ☐ Defendant waives reading thereof
 **PLEA:** ☐ **GUILTY** ☐ **NOT GUILTY**
 ☐ Misdemeanor - defendant consented to trial before Magistrate Judge
 ☐ Written plea agreement/filed in open Court ☐ Oral plea agreement
 ☐ Guilty plea: ☐ Accepted ☐ Rejected ☐ Taken under advisement

☐ **OTHER**
 ☐ Type of hearing and outcome: _____

☐ **DEFENDANT DID NOT APPEAR AS DIRECTED, BENCH WARRANT ISSUED**

**NOTES/EVIDENTIARY MATTERS/SENTENCING:** (Witnesses, Exhibits, Attach W/Ex List if necessary)

Gov. move for a stay & will appeal

Order stayed until 5:00 pm Friday, Sept. 10

Page 2 of 2

AO 187 (Rev. 7/87) Exhibit and Witness List

# UNITED STATES DISTRICT COURT

MIDDLE          DISTRICT OF          TENNESSEE

UNITED STATES OF AMERICA

V.

RONALD MCABEE

### EXHIBIT AND WITNESS LIST

Case Number:   21-mj-2956

| PRESIDING JUDGE Mag. Judge Jeffrey S. Frensley | | | | PLAINTIFF'S ATTORNEY AUSA Josh Kurtzman | | DEFENDANT'S ATTORNEY AFPD Skip Gant |
|---|---|---|---|---|---|---|
| TRIAL DATE (S) Det. Hrg. 8-26-21 | | | | COURT REPORTER digital recording | | COURTROOM DEPUTY Surabhi Morrisey |
| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES | |
| W1 | | 8-26 | | | FBI S/A Matthew Acker | |
| EA | | " | x | x | Collective Exhibit Videos 1 through 4 | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page 1 of _____ Pages

AO 187 (Rev. 7/87) Exhibit and Witness List

# UNITED STATES DISTRICT COURT

MIDDLE     DISTRICT OF     TENNESSEE

UNITED STATES OF AMERICA

V.

RONALD MCABEE

## EXHIBIT AND WITNESS LIST

Case Number:    21-mj-2956

| PRESIDING JUDGE Mag. Judge Jeffrey S. Frensley | | | PLAINTIFF'S ATTORNEY AUSA Josh Kurtzman | | DEFENDANT'S ATTORNEY AFPD Skip Gant |
|---|---|---|---|---|---|
| TRIAL DATE (S) Det. Hrg. 9-8-21 | | | COURT REPORTER digital recording | | COURTROOM DEPUTY Jeanne W. Cox |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS* AND WITNESSES |
|---|---|---|---|---|---|
| ExB | | 9-8-21 | X | X | admitted thru proffer 96 pages of texts from Def. to Roberts - SEALED |
| ExC | | " | X | X | admitted thru proffer photo from texts of knife, knuckles, etc. - SEALED |
| ExD | | " | X | X | admitted thru proffer photo from texts of knives, gloves, etc. SEALED |
| ExE | | " | X | X | admitted thru proffer photo from texts of gloves in packaging SEALED |
| ExF | | " | X | X | admitted thru proffer McAbee texts with Uncle Eddie    SEALED |
| ExG | | " | X | X | admitted thru proffer photo from Eddie texts, 2 men with news-SEALED |
| ExH | | " | X | X | admitted thru proffer photo from Eddie texts, man's head w/cut SEALED |
| | W1 | " | | | Sarah McAbee |
| | ExC | " | X | X | Character letter from Emily Gray  SEALED |
| | ExE | " | X | X | Character letter from Austin S. Hise    SEALED |
| | ExF | " | X | X | Character letter from Brittany Hillyer    SEALED |
| | ExG | " | X | X | Character letter from Austin B. Langley    SEALED |
| | ExH | " | X | X | Character letter from Nathan McMahan    SEALED |
| | ExI | " | X | X | Character letter from Angelo A. Nardone, Jr.    SEALED |
| | ExJ | " | X | X | Character letter from Det. Gregory M. Sims    SEALED |
| | ExK | " | X | X | Character letter from Ronnie Stockton    SEALED |
| | ExM | " | X | X | Character letter from Jennifer Wright    SEALED |
| | W2 | " | | | Kimberly Gray |
| | W3 | " | | | Philip Nelson |
| | W4 | " | | | David Dickson |
| | | | | | |
| | | | | | |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page 1 of _____ 1 _____ Pages

AO 199A (Rev. 06/19)  Order Setting Conditions of Release                                    Page 1 of 3 Pages

# UNITED STATES DISTRICT COURT
### for the
Middle District of Tennessee

United States of America                      )
                                              )
v.                                            )     Case No. 3:21-mj-2956
                                              )
Ronald McAbee                                 )
Defendant                                     )

ATTEST AND CERTIFY
A TRUE COPY
CLERK
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
By _Vanessa Turner_
Deputy Clerk

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)   The defendant must not violate federal, state, or local law while on release.

(2)   The defendant must advise the court or the pretrial services office or supervising officer in writing before making
      any change of residence or telephone number.

(3)   The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that
      the court may impose.

      The defendant must appear at: _____
                                                              *Place*

      _____

      on  _____
                                              *Date and Time*

      If blank, defendant will be notified of next appearance.

(4)   The defendant must sign an Appearance Bond, if ordered.

AO 199B  (Rev. 12/11)  Additional Conditions of Release                                                                  Page 2 of 3 Pages

## ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( X )  (5)  The defendant is placed in the custody of:

Person or organization ~~Pretrial Services~~ Sarah McAbee

Address *(only if above is an organization)* _____

City and state _____   Tel. No. _____

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____       _____
                                           *Custodian*                                   *Date*

( x )  (6)  The defendant must:

( x )  (a)  submit to supervision by and report for supervision to <u>Pretrial Services as directed.  Weekly contacts are required,</u>
telephone number _____, no later than_____.

( x )  (b)  continue or actively seek employment.

(   )  (c)  continue or start an education program.

( X )  (d)  surrender any passport to:    the United States District Court Clerk

( X )  (e)  not obtain a passport or other international travel document.                                          and EDTN

( x )  (f)  abide by the following restrictions on personal association, residence, or travel:  only within the Middle District of Tennessee unless approved by Pretrial Services.  Defendant may not travel outside of the continental United States without court approval.  The Defendant must participate in all future proceedings as directed.  Defendant may not go to Washington, D.C. unless he is appearing for court, meeting with pretrial services, or consulting with his attorney. _____

( x )  (g)  avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including:   co-defendants _____

(   )  (h)  get medical or psychiatric treatment: _____

(   )  (i)  return to custody each_____at_____o'clock after being released at_____o'clock for employment, schooling, or the following purposes: _____

(   )  (j)  maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.

( x )  (k)  not possess a firearm, destructive device, or other weapon.

( x )  (l)  not use alcohol (    ) at all (x    ) excessively.

( x )  (m)  not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

( x )  (n)  submit to testing for a prohibited substance if required by the pretrial services office or supervising officer.  Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.  The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

( x )  (o)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.  Any inpatient treatment may be followed by up to 90 days in a half-way house.

( x )  (p)  participate in one of the following location restriction programs and comply with its requirements as directed.

(   ) (i)  **Curfew.** You are restricted to your residence every day (    ) from _____ to_____, or (    ) as directed by the pretrial services office or supervising officer; or

( x ) (ii)  **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or

(   ) (iii)  **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court. ~~Defendant may attend any appointments for medical treatment for his mother. Defendant must self surrender after attending funeral services for his mother.~~

( x )  (q)  submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided.

( x ) You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or supervising officer.

( x )  (r)  report as soon as possible within 48 hours, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

( x )  (s)  shall permit Pretrial Services Officer to visit you at home or elsewhere at any time, and allow Pretrial Services Officer to confiscate any contraband in plain view.

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

   (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

   (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

   (3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both; and

   (4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

_____
*City and State*

### Directions to the United States Marshal

( X ) The defendant is ORDERED released after processing.

(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date:   Sept 8, 2021          _____
                                      *Judicial Officer's Signature*

United States Magistrate Judge Jeffery S. Frensley
*Printed name and title*

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL

AO 94  (Rev. 06/09) Commitment to Another District

# UNITED STATES DISTRICT COURT

for the

MIDDLE District of TENNESSEE

<table>
<tr><td>United States of America<br>v.</td><td>)<br>)<br>)</td><td></td></tr>
<tr><td></td><td>)</td><td>Case No.   3:21-mj-2956</td></tr>
<tr><td>RONALD MCABEE<br><i>Defendant</i></td><td>)<br>)<br>)</td><td>Charging District's<br>Case No.       21-CR-35</td></tr>
</table>

ATTEST AND CERTIFY
A TRUE COPY
CLERK
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
By _Vanessa Hunt_
Deputy Clerk

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the _____ District of      Columbia      ,

*(if applicable)* _____ division.  The defendant may need an interpreter for this language:

n/a _____.

The defendant:  ☐ will retain an attorney.

☒ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance and hearing on Government's motion for detention.*

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant.  The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled.  The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date:        9/09/2021                        _____
                                                         *Judge's signature*

                                              Jeffery S. Frensley, United States Magistrate Judge
                                                         *Printed name and title*

*The Court found there were conditions of release that could be imposed to assure the safety of the community.  The Government moved for a stay pending appeal.  The motion was granted until 5:00 p.m. on September 10, 2021.  On September 8, 2021, Senior U.S. District Judge Emmet G. Sullivan of the District of Columbia entered an order stayed Defendant's release pending a ruling on the Government's motion for review and appeal of the release order and holding Defendant without bond pending such ruling.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF TENNESSEE**

ATTEST AND CERTIFY
A TRUE COPY
CLERK
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
By _____
Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **CASE NO. 21-MJ-2956** |
| | : | |
| RONALD COLTON MCABEE | : | |

<u>**GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**</u>

The United States of America, by and through counsel, the Acting United States Attorney for the Middle District of Tennessee, respectfully submits this memorandum in support of its motion that the defendant, Ronald Colton McAbee, be detained pending trial pursuant to 18 U.S.C. §§ 3142(e), (f)(1)(A), and (f)(1)(E).   There are no conditions or combination of conditions which will reasonably assure the appearance of the defendant as required and ensure the safety of any other person and the community.

The government respectfully requests that the following points and authorities, as well as any other facts, arguments and authorities presented at the detention hearing, be considered in the Court's determination regarding pre-trial detention.

<u>**Factual Background**</u>

**1.  The Attack on the United States Capitol on January 6, 2021.**

The United States Capitol is secured 24 hours a day by U.S. Capitol Police. ("USCP") Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized individuals with appropriate identification are allowed access inside the U.S. Capitol. On January 6, 2021, the exterior plaza of the U.S. Capitol was also closed to members of the public.

- 1 -

On January 6, 2021, a joint session of the United States Congress convened at the U.S. Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the U.S. Capitol to certify the vote count of the Electoral College for the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Michael Pence, who is also the President of the Senate, was present and presiding, first in the joint session, and then in the Senate chamber.

As the proceedings continued in both the House and the Senate, and with Vice President Michael Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the U.S. Capitol building and the proceedings underway inside.

At such time, the certification proceedings were still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the U.S. Capitol; however, shortly after 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

At approximately 2:20 p.m., members of the United States House of Representatives and United States Senate, and Vice President Michael Pence, were instructed to—and did—evacuate

- 2 -

the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the U.S. Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

During the course of the violent protests, several individuals were armed with weapons including bats, pepper spray, sticks, zip ties, as well as bulletproof vests and anti-tear gas masks. During the course of the violent protest, several law enforcement officers were assaulted and injured by these violent protesters while attempting to protect the U.S. Capitol and the individuals inside of the building. These assaults occurred both inside of the Capitol, as well as on the steps outside of the Capitol and the grounds of the Capitol. The defendant, as detailed below, is charged with two instances of assault, two counts of civil disorder, as well as other criminal violations, including offenses involving the use or carrying of a deadly or dangerous weapon on the Capitol grounds.

## 2.  Ronald Colton McAbee's Criminal Conduct

### a.  Assault of Metropolitan Police Department Officers

MPD Officers A.W., B.M., and C.M. were amongst those MPD officers who were directed to report to the U.S. Capitol to assist the USCP in their duties to maintain the security of the U.S. Capitol on January 6, 2021.   By 4:27 p.m., they had assumed posts in an archway (the "Archway") that provided access to the interior Capitol building from the lower west terrace of the building. A.W., B.M., and C.M. were each wearing full MPD-issued uniforms; A.W. was also wearing an MPD-issued neon jacket. The officers' approximate location is denoted below by the red circle.

- 3 -



By that time, hundreds of individuals had gathered outside of the Archway, some of whom were throwing and swinging various objects at the group of law enforcement officers.

In a 90 second time period, from approximately 4:27:00 to 4:28:30, Officers A.W., B.M., and C.M. were brutally assaulted by the rioters, including the defendant.[1]  Specifically, Officer A.W. was knocked to the archway ground by a currently unidentified assailant, and then had his baton snatched out of his hands by another rioter – codefendant Jeffrey Sabol.   While Officer A.W. was laying on the ground of the Archway, another rioter – codefendant Jack Wade Whitton – began striking at B.M. with a crutch, kicked at A.W., and, assisted by Sabol and another rioter, pulled Officer B.M. out of the Archway, over Officer A.W., and into the crowd where another rioter – codefendant Peter Stager – began beating B.M. with a flagpole.

The defendant, Ronald Colton McAbee, then joined the attack, which was captured by

---

[1]  Right before the assault began, the crowd of rioters had crushed against the line of police officers protecting the Archway and several rioters were trampled by the mob.   Seconds before these assaults of Officers A.W., B.M, and C.M., at least two rioters were in medical distress and a member of the crowd was pleading with Officer A.W. and others for help, as his friend was having a medical emergency.   That individual was attempting to bring his friend's body forward to law enforcement when the assaults of Officers A.W., B.M., and C.M. began.

- 4 -

officers' body-worn cameras ("BWCs") from the inside of the Archway, and by other individuals outside of the archway, including video posted by Storyful to YouTube (the "Storyful Video").[2] McAbee grabbed at A.W.'s torso, while codefendant Clayton Ray Mullins grabbed A.W.'s leg and engaged in a tug-o-war with officers who were trying to pull A.W. back in to the Archway, as depicted in the images below.



---

[2] *Available at* https://youtu.be/aEGthdTzedk.



Officer C.M. stepped out of the Archway in an attempt to come to the aid of A.W. and

B.M.   McAbee then stood upright and began swinging his arms at C.M., as depicted in the images

below:



- 6 -



When C.M. attempted to push McAbee aside with a baton, codefendant Michael Lopatic emerged from the crowd, climbed over a handrail, charged at C.M and repeatedly punched C.M. McAbee turned back to A.W. and grabbed his torso, pulling him out of the Archway.   The two slid down a set of stairs and into the crowd together, with McAbee on top of A.W. and pinning A.W. down for approximately 25 seconds, as depicted in the images below:

- 7 -





Officer A.W. recalled having his helmet ripped off his head and being stripped of his baton,

gas mask (which was later recovered), and MPD-issued cellular phone. As he was dragged into

- 8 -

the mob, Officer A.W. was kicked, struck with poles, and stomped on by several individuals. Additionally, Officer A.W. recalled being maced once his mask was ripped off. At some point during the assault, Officer A.W. was able to retrieve his gas mask and one individual prevented the rioters from further assaulting him, allowing him to get on his feet and back to the Archway area. Once A.W. was back in passageway that connected to the Archway, another officer realized A.W. was bleeding from his head. A.W. was subsequently escorted to the east side of the Capitol building before being taken to the hospital. At the hospital, A.W. was treated for a laceration on his head which required two staples to close.

**b. The Defendant Possessed Deadly or Dangerous Weapons on January 6, 2021**

During the assaults described above, the defendant was wearing gloves with reinforced knuckles. And, immediately prior to the assaults described above, McAbee was carrying what appeared to be a baton or a black stick. These weapons are apparent in the images below:



- 9 -





### 3. Identification of the Defendant

In photographs and videos of McAbee during the assaults and at other times on January 6, 2021, he is wearing a black tactical vest emblazoned with the Roman numeral III encircled in stars[3]

---

[3] Individuals and militia extremists sometimes call themselves "Three Percenters" ("III%ers" or

- 10 -

and a patch that read "SHERIFF,"[4] a red "Make America Great Again" baseball hat, a red face

scarf / bandana, white sunglasses with polarized lenses, a black shirt with white lettering that read,

in part, "DIFFERENT GENERATION," and black gloves with hard, metal-colored knuckles.

On or about January 19, 2021, the FBI posted to the internet a "Be on the Lookout"

("BOLO") for the individual depicted below (who, at the time, was referred to as "BOLO #134"):



On or about May 19, 2021, the FBI posted additional photos and BWC video footage depicting

---

"threepers") based on the myth that only three percent of American colonists took up arms against the British during the American Revolution. Some Three Percenters regard the present-day U.S. Government as analogous to British authorities during the American Revolution in terms of infringements on civil liberties. While many independent or multi-state militia groups incorporate III% in their unit names, the term is less indicative of membership in a single overarching group than it is representative of a common belief in the notion that a small force with a just cause can overthrow the government if armed and prepared. Some Three Percenters or Three Percenter groups utilize a Roman numeral three (III), surrounded by a circle of stars – similar to the one displayed on McAbee's vest.

[4] Based on this insignia, social media and other internet users used the nickname "#threepercentsheriff" to refer to McAbee and to compile images of him in the vicinity of the Capitol building on January 6, 2021.

- 11 -

BOLO #134 on January 6, 2021.

On or about May 26, 2021, a tipster responded to the FBI's BOLO #134 post identifying the subject as "Cole or Colton Mcabee" of Roane County, Tennessee. The tipster provided a name for McAbee's spouse, advised that McAbee worked as a sheriff's deputy at the Cherokee County, Georgia Sheriff's Office ("CSO") around the time of January 6, 2021, but had quit and relocated to Tennessee, and had deleted his Facebook account following the events of January 6, 2021.

A representative of CSO confirmed an individual named Ronald Colton McAbee – the Defendant – had been employed by CSO and had left the agency in approximately November 2020, to take a position with the Williamson County Sheriff's Office ("WSO") in Tennessee. FBI agents subsequently interviewed two members of CSO who had worked with and/or supervised McAbee. During the interview, an FBI agent showed one of the CSO employees ("CSO-1") three pictures of BOLO #134, but did not provide any context for the pictures. CSO-1 indicated that s/he was pretty sure that the person depicted in those photographs was McAbee and noted that the stance of the person in the photographs was consistent with McAbee's. The second CSO employee ("CSO-2") then joined the interview and the FBI agent showed her/him the same three photographs. CSO-2 stated that the individual in the photographs was "absolutely" McAbee.

A representative of the WSO confirmed that McAbee had been employed by WSO from November 9, 2020 to March 23, 2021. FBI agents interviewed a WSO employee who had worked with McAbee and showed that employee the following picture of BOLO #134, but did not provide any context for the picture:



The WSO employee identified the picture as McAbee.

Postings to a Facebook account in the name of McAbee's spouse also confirm his identity.

Those posts include:

1.    A photograph of a black tactical vest with a "Sheriff" patch:



- 13 -

2.      A photograph posted on January 9, 2021, depicting McAbee wearing a CSO hooded

sweatshirt and a hat displaying a Roman numeral three encircled in stars – similar to the emblem

displayed on his tactical vest on January 6, 2021 --   with his right arm in a sling:



3.      Additional posts that detail a car accident in which McAbee was involved in on

December 27, 2020.

A Tennessee Electronic Traffic Crash Report confirms that McAbee was involved in a

single-car accident on December 27, 2020 and was transferred by EMS (*i.e.,* by ground) to the

hospital.[5]   McAbee subsequently submitted a request to WSO to be placed in the temporary

disability program, and stated that he had injured his right shoulder and right hip in a car accident

on December 27, 2020 and had been instructed to wear a sling.   That request included information

---

[5] A Tennessee State Trooper who responded to the accident (the "Trooper") recalled that
McAbee was up and walking after the accident and did not believe that McAbee sustained major
injuries.   The Trooper recalled that McAbee had injured his left arm.

from a physician assistant who treated McAbee, which indicated that McAbee had been examined

by a medical professional on December 30, 2020 for injuries related to the accident and that as a

result of the exam, McAbee was excused from work from December 30, 2020 to January 14, 2021.

McAbee also signed a medical records release form on January 5, 2021.   McAbee was cleared to

return to work on January 14, 2021 with one limitation, no use of his right shoulder for four weeks.

### 4.   The Defendant's Invocation of His Status as a Law Enforcement Officer

A few minutes after the assaults of Officers A.W. and C.M. described above, at

approximately 4:30 p.m., McAbee returned the Archway and was part of a group of rioters who

attempted to render aid to another rioter who was in medical distress, and helped to carry/drag that

rioter to the entrance of the Archway.   After that rioter was taken through the Archway, McAbee

remained at the south side of the Archway, bent over, and appeared to be in pain.   As rioters

continued to throw objects at the police line, the officers sprayed crowd control spray at the crowd.

McAbee gestured towards the passageway behind the officers, indicating that he wanted to enter,

and exclaimed, "Don't spray me man, I'm not freaking hurting anybody."   As another rioter yelled

that the person in distress was McAbee's wife,[6] the crowed surged at the police line, slamming it

with riot shields, and pushing McAbee against the side of the Archway.   As McAbee's right side

was pressed against the side of the Archway, he exclaimed "I think I just broke my fucking

shoulder," – consistent with him aggravating injuries sustained in the December 27, 2020 car

accident – and asked one of the officers in the police line, "Can I get in?" (*i.e.*, through the line of

---

[6] This individual who was in need of medical assistance has been identified and is not McAbee's spouse.

- 15 -

officers in the Archway).   McAbee then pointed at the lettering on his vest, which read "SHERIFF," and stated, "I can't go back that way, man."

### 5.  The Defendant's Association with Anti-Government Ideology

Despite himself having served as a sheriff's deputy,[7] and attempting to use this status to his advantage on January 6, 2021 (as well as wearing what appears to be government-issued tactical gear), the defendant repeatedly displays symbols of anti-government ideology.   As discussed above, on January 6, 2021 and on other occasions, the defendant has worn insignia associated with Three Percenters.   In addition, FBI agents have conducted surveillance of the defendant's residence and observed that a black flag – which appears to be a black American flag – is displayed on the front porch residence.   That black flag was flying outside the defendant's home the day of his arrest.   During the Civil War, Confederate soldiers flew the black American flag to symbolize the opposite of the white flag of surrender, *i.e.*, that the unit would neither give in nor surrender and it would not show clemency or mercy to a surrendering opponent.   *See* Hate Watch Report, *Flags and Banners, available at https://www.hatewatchreport.com/flags-symbols.*

### 6.  Procedural History

On August 4, 2021, a grand jury in the District of Columbia returned indictment 21 Cr. 35 (the "Indictment") charging McAbee with

> 1)   Assaulting, Resisting, or Impeding Certain Officers Inflicting Bodily Injury, in
>      violation of 18 U.S.C. §§ 111(a)(1) and (b), and 2;
>
> 2)   Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. §

---

[7] The Government believe that McAbee is no longer employed by any law enforcement agency.

111(a)(1);

3) Two counts of Obstruction of Law Enforcement During Civil Disorder, in violation of 18 U.S.C. § 231(a)(3);

4) Knowingly Entering or Remaining in any Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A);

5) Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(2) and (b)(1)(A);

6) Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§1752(a)(4) and (b)(1)(A); and

7) Violent Entry and Disorderly Conduct on Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(2)(F).

The defendant was arrested on August 17, 2021; his initial appearance and detention hearing is scheduled for August 17, 2021 at 1:00 p.m.

## ARGUMENT

There are four factors under § 3142(g) that the Court should consider and weigh in determining whether to detain a defendant pending trial: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his release. *See* 18 U.S.C. §3142(g). In consideration of these factors,

- 17 -

the government respectfully submits that there are no conditions or combinations of conditions which can effectively ensure the safety of any other person and the community.

## Nature and Circumstances of the Offenses Charged

During the course of the January 6, 2021, siege of the U.S. Capitol, multiple law enforcement officers were assaulted by an enormous mob, which included numerous individuals with weapons, bulletproof vests, and pepper spray who were targeting the officers protecting the Capitol. Additionally, the violent crowd encouraged others in the crowd to work together to overwhelm law enforcement and gain unlawful entry into the U.S. Capitol.

What is extremely troubling about the defendant's conduct is the severity of his actions and his anticipation of and preparation for violence. As noted above, at approximately 4:27 p.m., the defendant purposefully approached a line of police officers who were guarding the Capitol building, grabbed Officer A.W. who had been thrown to the ground, and, in coordination with others, began to pull A.W. towards the violent mob where Officer B.M. was already being attacked. When another officer, C.M., attempted to come to A.W. and B.M.'s aid, the defendant attacked him as well, punching at him while wearing metal-knuckled gloves. The defendant then returned to A.W., dragging him into the mob, pinning him down, and contributing to the significant injuries that A.W. sustained and for which A.W. had to seek medical treatment. The defendant dressed in a manner that indicates that he anticipated violence at the Capitol. In addition to the metal-knuckled gloves, he wore a tactical vest. And he armed himself by carrying a baton or a stick.

In addition to this physical violence, the defendant also attempted to use his status as a law enforcement officer to breach the police line and gain entry to the Capitol building, potentially

- 18 -

endangering the officers further.   And, the defendant's conduct contributed to the escalation of violence on the Capitol grounds on the afternoon of January 6, 2021, and, contributed to the ability of the large mob of individuals to successfully breach the U.S. Capitol, putting additional law enforcement officers and members and staff of Congress at grave risk. The defendant's actions aided other rioters who committed multiple other criminal acts inside the building.

### Weight of the Evidence Against the Defendants

The second factor to be considered, the weight of the evidence, also clearly weighs in favor of detention. The evidence against the defendant is also quite strong and compelling. As noted above, the defendant was observed on police body worn cameras participating in the attack of law enforcement officers and dragging an officer into a violent mob. Additionally, social media videos capture the defendant's assaults and his uncovered face at other times on January 6, 2021.   Moreover, the identification of the defendant was corroborated by multiple former co-workers at two sheriff's offices.   The evidence against this defendant is overwhelmingly strong, and accordingly, the weight of the evidence weighs heavily in favor of detention.

### Defendants' History and Characteristics

The government is not aware of any adult convictions of this defendant.   However, the defendant's actions, as demonstrated by his apparent willingness to engage in multiple assaults as part of a violent mob should give this Court great concern about the danger he would pose to the community, if released.   Additionally, the fact that McAbee engaged in violent assaults of fellow law enforcement officers *while he himself was a sheriff's deputy* and then attempted to use that status to obtain special treatment is powerful evidence of his lack of regard for legal authority.

## Danger to the Community and Risk of Flight or Obstruction of Justice

The fourth factor, the nature and seriousness of the danger to any person or the community posed by a defendant's release, also weighs in favor of the defendant's detention. The defendant attacked police officers charged with protecting the Capitol building inside of which Congress was carrying out its duty to certify the 2020 election.   The danger and injury the defendant caused by participating the violent mob cannot be understated.   Moreover, the defendant poses a significant risk of flight and obstruction of justice.   His conduct on January 6, 2021 was in and of itself is obstructive, as it was aimed at stopping the functioning of the United States government by derailing the certification of the electoral process, a cornerstone of our democracy.   And it was made all the more so by the fact that, at the time, he was himself a law enforcement officer.

But that's not all.   According to the tipster who identified him, the defendant deleted his Facebook account following January 6, 2021, potentially destroying evidence of his whereabouts that day and his motivations for his actions.   And, the defendant's display of symbols of anti-government ideology indicate a lack of respect for the authority of the United States Government – including this court – and a disinclination to follow its mandates and directives.   He now faces a significant term of imprisonment in the face of overwhelming evidence against him.   All of this gives him a compelling incentive to flee, destroy evidence or intimidate witnesses, or otherwise disregard the obligations imposed on him by this Court by virtue of being a defendant in a criminal case.

The defendant was a spoke in the wheel that caused the historic events of January 6, 2021, and he is thus a danger to our society and a threat to the peaceful functioning of our community.

- 20 -

Given the above assessment of all four relevant factors, no condition, or combination of conditions, can ensure that the defendant will comply with court orders and abide by appropriate release conditions.

## **CONCLUSION**

WHEREFORE, the United States respectfully requests that the Court grant the government's motion to detain the defendant pending trial.

Respectfully submitted,

MARY JANE STEWART
Acting United States Attorney

By:     /s/ Joshua A. Kurtzman
JOSHUA A. KURTZMAN
Assistant U.S. Attorney
110 9th Avenue South
Nashville, Tennessee 37203
Phone: (615) 401-6617
joshua.kurtzman@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing will be served electronically to counsel for defendant via CM/ECF on the 17th day of August 2021.

/s/ Joshua A. Kurtzman
JOSHUA A. KURTZMAN

- 21 -

# U.S. District Court
## Middle District of Tennessee (Nashville)
### CRIMINAL DOCKET FOR CASE #: 3:21-mj-02956 All Defendants

---

Case title: USA v. McAbee

Date Filed: 08/17/2021

ATTEST AND CERTIFY
A TRUE COPY
CLERK
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
By _____
Deputy Clerk

Assigned to: Magistrate Judge Jeffery S. Frensley

### Defendant (1)

**Ronald McAbee**
*Rule 5 Transfer from District of Columbia*

represented by **Isaiah S. Gant**
Federal Public Defender's Office (MDTN)
810 Broadway
Suite 200
Nashville, TN 37203
(615) 736-5047
Email: skip_gant@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

| **Pending Counts** | **Disposition** |
| --- | --- |
| None | |

| **Highest Offense Level (Opening)** | |
| --- | --- |
| None | |

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

| **Highest Offense Level (Terminated)** | |
| --- | --- |
| None | |

| **Complaints** | **Disposition** |
| --- | --- |
| 18:111(a)(1) and (b),2 Assaulting, resisting or impeding certain officers or employees by intimidation | |

---

### Plaintiff

**USA**

represented by **Joshua A. Kurtzman**
U.S. Attorney's Office (Nashville Office)
Middle District of Tennessee
110 Ninth Avenue, S
Suite A961
Nashville, TN 37203-3870
(615) 401-6617
Fax: (615) 401-6626

Email: Joshua.Kurtzman@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/17/2021 | 1 | Warrant Issued 8/5/2021 in District of Columbia Returned Executed in this District on 8/17/2021 as to Ronald McAbee. # 1 Attachment Indictment) (vh). (Entered: 08/17/2021) |
| 08/17/2021 | | Arrest (Rule 5) of Ronald McAbee. (vh) (Entered: 08/17/2021) |
| 08/17/2021 | 2 | Minute Entry for proceedings held before Magistrate Judge Jeffery S. Frensley: Initial Appearance in Rule 5(c)(3) Proceedings as to Ronald McAbee held on 8/17/2021 by videoconference. Defendant appeared with appointed counsel Isaiah S. Gant. Detention hearing continued to 9:30 AM on 8/26/2021 by VTC. (vh) (Entered: 08/17/2021) |
| 08/17/2021 | 3 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Ronald McAbee. Signed by Magistrate Judge Jeffery S. Frensley on 8/17/2021. (vh) (Entered: 08/17/2021) |
| 08/17/2021 | 4 | ORDER as to Ronald McAbee: Detention Hearing by video is set for 8/26/2021 at 9:30 AM before Magistrate Judge Jeffery S. Frensley. Signed by Magistrate Judge Jeffery S. Frensley on 8/17/2021. (vh) (Entered: 08/17/2021) |
| 08/17/2021 | 5 | ORDER as to Ronald McAbee: Pursuant to the Due Process Protections Act, the court reminds the government of its obligation under Brady v. Maryland, 373 U. S. 83 (1963), to disclose evidence favorable to the defendant and material to the defendant's guilt or punishment. The government is ordered to comply with Brady and its progeny. The failure to do so in a timely manner may result in consequences, including dismissal of the indictment or information, exclusion of government evidence or witnesses, adverse jury instructions, dismissal of charges, contempt proceedings, sanctions by the Court, or any other remedy that is just under the circumstances. Signed by Magistrate Judge Jeffery S. Frensley on 8/17/2021. (vh) (Entered: 08/17/2021) |
| 08/18/2021 | 6 | MOTION for Detention by USA as to Ronald McAbee. (Kurtzman, Joshua) (Entered: 08/18/2021) |
| 08/25/2021 | 7 | NOTICE *of Supplemental Authority* by USA as to Ronald McAbee (Attachments: # 1 Attachment Order in United States v. Sabol)(Kurtzman, Joshua) (Entered: 08/25/2021) |
| 08/26/2021 | 8 | Minute Entry for proceedings held before Magistrate Judge Jeffery S. Frensley: Detention Hearing as to Ronald McAbee held on 8/26/2021 by videoconference. Detention Hearing continued to 9/3/2021 at 1:00 PM via VTC. (vh) (Entered: 08/30/2021) |
| 08/26/2021 | 9 | ORDER as to Ronald McAbee: Detention Hearing by video is set for 9/3/2021 at 1:00 PM before Magistrate Judge Jeffery S. Frensley. Signed by Magistrate Judge Jeffery S. Frensley on 8/26/2021. (vh) (Entered: 08/30/2021) |
| 09/03/2021 | 10 | MOTION to Continue *Detention Hearing* by USA as to Ronald McAbee. (Kurtzman, Joshua) (Entered: 09/03/2021) |
| 09/03/2021 | 11 | ORDER as to Ronald McAbee: United States' 10 Motion to Continue Detention Hearing is GRANTED. The Detention Hearing by video is reset for 9/8/2021 at 10:00 AM. Signed by Magistrate Judge Jeffery S. Frensley on 9/3/2021. (vh) (Entered: 09/03/2021) |
| 09/08/2021 | 12 | MOTION to Seal Document by USA as to Ronald McAbee. (Kurtzman, Joshua) (Entered: 09/08/2021) |
| 09/08/2021 | 13 | MOTION to Seal Document by Ronald McAbee. (Gant, Isaiah) (Entered: 09/08/2021) |

| 09/08/2021 | 14 | Minute Entry for proceedings held before Magistrate Judge Jeffery S. Frensley: Detention Hearing as to Ronald McAbee held on 9/8/2021 by videoconference. Bond set at own recognizance with conditions. Defendant to be released on 9/10/2021 if no reversal. Government moved for a stay and will appeal. Order stayed until 5:00 PM on Friday September 10. (Attachments: # 1 Witness List, # 2 Exhibit List) (vh) (Entered: 09/09/2021) |
|---|---|---|
| 09/08/2021 | 15 | ORDER granting United States' 12 Motion to Seal Detention Hearing Exhibits as to Ronald McAbee. Signed by Magistrate Judge Jeffery S. Frensley on 9/8/2021. (vh) (Entered: 09/09/2021) |
| 09/08/2021 | 16 | ORDER granting Defendant's 13 Motion to Seal Detention Hearing Exhibits as to Ronald McAbee. Signed by Magistrate Judge Jeffery S. Frensley on 9/8/2021. (vh) (Entered: 09/09/2021) |
| 09/08/2021 | 17 | ORDER Setting Conditions of Release as to Ronald McAbee. Signed by Magistrate Judge Jeffery S. Frensley on 9/8/2021. (vh) (not signed by defendant.) (Entered: 09/09/2021) |
| 09/08/2021 | 18 | DECLARATION of Third Party Custodian of Sarah McAbee as to Ronald McAbee re 17 Order Setting Conditions of Release. (vh) (Entered: 09/09/2021) |
| 09/08/2021 | 19 | DECLARATION of Third Party Custodian of Kimberly Gray as to Ronald McAbee re 17 Order Setting Conditions of Release. (vh) (Entered: 09/09/2021) |
| 09/08/2021 | 20 | ORDER as to Ronald McAbee: On September 8, 2021, Defendant Ronald McAbee appeared with counsel, AFPD Skip Gant, and also came the AUSA Josh Kurtzman, for a continuation of the hearing on the Government's motion for detention. At the conclusion of the hearing, the Government moved for a stay of Defendants release pending an appeal. The Court granted the motion to stay until 5:00 p.m., Friday, September 10, 2021. If the Court's order of release has not been appealed, then the U.S. Marshal shall arrange for Defendant's release from the Crittenden County Jail into the custody of his third-party custodian, Sarah McAbee. Signed by Magistrate Judge Jeffery S. Frensley on 9/8/2021. (vh) (Entered: 09/09/2021) |
| 09/09/2021 | 21 | ORDER as to Ronald McAbee: The Government's Motion for Emergency Stay is GRANTED, and the order entered by U.S. Magistrate Judge Jeffrey S. Frensley, U.S. District Court for the Middle District of Tennessee, to release Mr. McAbee pending trial is STAYED pending the Court's ruling on the Government's Motion for Review and Appeal of the Release Order. Mr. McAbee shall be held without bond until the Court has issued that ruling. Signed by Senior Judge Emmet G. Sullivan, District of Columbia, on 9/8/2021. (vh) (Entered: 09/09/2021) |
| 09/09/2021 | 22 | COMMITMENT TO ANOTHER DISTRICT as to Ronald McAbee. Defendant committed to District of Columbia. Signed by Magistrate Judge Jeffery S. Frensley on 9/9/2021. (vh) (Entered: 09/09/2021) |
| 09/09/2021 | 23 | Rule 5(c)(3) Documents Transmitted to District of Columbia as to Ronald McAbee. (vh) (Entered: 09/09/2021) |