UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 21-cr-00035-EGS |
| | ) | |
| RONALD COLTON McABEE, | ) | |
| | ) | |
| Defendant. | ) | |

# DEFENDANT RONALD MCABEE'S REPLY TO OPPOSITION TO MOTION FOR RECONSIDERATION OF DETENTION ORDER

William L. Shipley, Jr., Esq.
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*

The Government's Opposition boils down to a single note – that the motion for reconsideration does not present "new and material" information necessary to reopen the Detention Order made on October 22, 2021.[1]

What the Government's Opposition ignores is the challenge to the legal analysis undertaken by the Court as reflected in the Memorandum Opinion.  The Court is always free to revisit legal analysis in an earlier order if the Court is concerned as to whether the legal analysis was correct or not.   The manner by which the Court reached its decision was not apparent to the defense until after the analysis was made clear by the Opinion.

Further, the standard for review of factual determinations on appeal of the Court's decision would be "clearly erroneous."   Defendant McAbee's motion does argue that prior factual determinations by this Court as reflected in the Opinion are "clearly erroneous," and that they were caused in large part by the Government's misrepresentation of the video evidence, among other things.  To suggest that this Court is not entitled to revisit its earlier Order using the same standard that an appellate court might apply seems curious.

---

[1] The Government dismisses almost without comment the new employment opportunity which was referenced in the Defendant's motion.  But this opportunity reflects a new and material change in what would be a potential condition of release – that Mr. McAbee could be subject to home incarceration with GPS monitoring while holding gainful employment on a fulltime basis from his home.  That is a potential new release condition that substantially mitigates the risk of danger to the community by minimizing to the greatest degree possible any opportunity for Mr. McAbee to leave his residence.  This Court should not presume that Mr. McAbee would disregard this Court's instructions in that regard as there is no factual basis for any such presumption.   The Court should conclude that Mr. McAbee would follow instructions to remain inside his home at all times except for recognized exceptions such as receiving medical care.

I. The Court's Detention Order Incorrectly Applies The Bail Reform Act.

As noted in the Defendant McAbee's motion – and ignored in the Government's Opposition – the Court's Opinion makes a fundamental mistake in how it applies parts of the Bail Reform Act factors that are the legal foundation for decisions about release or detention pending trial.

Most significantly, the Court incorrectly considered the "weight of the evidence" factor as being the functional equivalent of the likelihood that the defendant will be convicted. Suich consideration is a fundamental violation of the Bail Reform Act's precepts and leads to circumstances like this were a presumption of guilty becomes a *de facto* sentence through pretrial detention.

That is not expressly contrary to how the "weight of the evidence" factor is meant to applied. Controlling case law in this Circuit makes it abundantly clear that the factor should not be employed as a pretrial analysis of likely guilt in circumstances where none of the protections afforded to a Defendant by the Fifth and Sixth Amendments are employed. The statute does not permit this factor to be employed as any form of a "predetermination of guilt." United States v. Alston, 420 F.2d 176, 179-80 (D.C. Cir. 1969).

This view was echoed by the First Circuit:

> "Until a defendant has been convicted, the nature of the offense, as well as the evidence of guilt, is to be considered only in terms of the likelihood of his making himself unavailable for trial. Determination of what is needed "reasonably [to] assure" defendant's appearance, not considerations of state comity, controls the setting of bail under the Bail Reform Act."

United States v. Edson, 487 F.2d 370, 372 (1st Cir. 1973)(Emphasis added.)

It is often noted that the "weight of the evidence" is the least important of the Bail Reform Act Factors. But that is not always true. In <u>United States v. Chen</u>, 820 F.Supp. 1205, 1207-08 (N.D.CA 1992), the Court observed:

Although the weight of the evidence is "the least important of the various factors," <u>Motamedi</u>, 767 F.2d at 1408, this is only true if the weight of the evidence is used to buttress a decision to detain the defendant. If the evidence against a defendant is weak, that becomes an important factor favoring release. The determination of pretrial release under § 3142 neither requires or permits a pretrial determination of guilt. <u>Gebro</u>, 948 F.2d at 1121-22. The evidence of guilt is relevant only in terms of the likelihood that the defendant will fail to appear. <u>United States v. Winsor</u>, 785 F.2d 755, 757 (9th Cir.1986).

As noted in the motion, the Court used language in the Memorandum Opinion that inappropriately offered the Court's views with respect to the defendant's likely guilt with respect to the assault charges, relying almost exclusively on what was urged upon it by the Government's narration of the video evidence.

The Court's opinion acknowledged that the Defendant offered a different narrative, and that he'd have a chance to offer that narrative at trial before the jury. But that acknowledgment betrayed the Court's mistake in its approach.

For detention purposes, the Bail Reform Act does not authorize the Court to opine as to what the video evidence shows or does not show. The issue for the Court is whether the evidence reveals the existence of a viable defense, or whether a defendant might be motivated to flee in order to avoid facing the evidence against him. Likely guilt or innocence is a PROHIBITED consideration.

In this case – as the Court understood -- the videos are the foundation of Mr. McAbee's defense. The question for the jury won't be a matter of what happened in front of the LWT tunnel entrance. The question for the jury will be Mr. McAbee's credibility when he testifies to

each moment of the videos, and explains each of his actions from the moment he stepped into the front of the tunnel until the time he and Off. A.W. were able to stand back up again.

But Mr. McAbee's credibility is not at issue as part of a detention proceeding because credibility is an issue for the "finder of fact." This Court has no basis in the record to make any judgment with regard to Mr. McAbee's credibility because it has heard nothing from him.

Further, the use of the "Chrestman factors" in this and other January 6 cases – likely even in Chrestman itself – runs counter to what is allowed by the Bail Reform Act. It is worth noting that the Chrestman decision itself includes the following:

> He came to Washington, D.C. ready for a fight, armed with tactical gear and a weapon; coordinated with his fellow Proud Boys and others before and during the assault on the Capitol; and led his co-conspirators through the Capitol grounds and into the building, shouting at the crowd to "take" the Capitol. This defendant's actions were specifically designed to impede law enforcement. He confronted the Capitol Police at every opportunity, threatened them, and encouraged the mob to stop them from carrying out their duties. Finally, he deployed his axe handle and directed his co-conspirators in a scheme to prevent Capitol Police from securing areas of the Capitol with metal barriers. In short, he sought and succeeded in creating mayhem on Capitol grounds and interfering with the Capitol Police,

United States v. Chrestman, 525 F.Supp.3d 14, 28 (D.D.C 2021).

How can that language can be squared with the Circuit's statement in Alston that a district court cannot make observations in detention hearings that are tantamount to pronouncing the defendant's guilt, and consider that that a basis for detention? As the Circuit said in Alston:

> "The District Court also referred to the "brazen act perpetrated in the instant case." This was a determination on an issue that was not noticed for hearing, a finding based solely on the claimed testimony of prosecution witnesses. No one may be confined on the ground that he has committed an offense when the determination is void of the protections that are the essentials of Anglo-American jurisprudence.

Alston, 420 F.2d at 179.

Defendant McAbee's motion called attention to just a few specific passages from this Court's Opinion which violate to principle established by <u>Alston</u> because they are both pronouncements and condemnations of what the Court has found to be the actions of Defendant McAbee on January 6.

But nearly the entirety of the Court's analysis on the <u>Chrestman</u> factors and its review of the "weight of the evidence" violated the limitations on the manner in which those matters are to be considered for purposes of detention or release pending sentencing.

II.  <u>Additional Video Evidence</u>

Defendant McAbee is filing as a supplement to his motion additional video evidence taken from "open source" video that was not produced to the Defendant as discovery. The Defendant's family was made aware of this video, but it was not yet available at the time of the filing of the original motion.

The Government should be allowed to address these new videos in a Sur-Reply to this Reply.

Dated: June 7, 2022                    Respectfully submitted,

<div style="margin-left:50%">

/s/ William L. Shipley
William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
*Attorney for Defendant*

</div>