# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 21-cr-35 (RC)** |
| v. | : | |
| | : | |
| **RONALD COLTON MCABEE,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR SEVERANCE AND RENEWED MOTION FOR RELEASE FROM PRETRIAL DETENTION

Recognizing that he and his counsel are responsible for a large portion of the time that has elapsed between his arrest and the currently scheduled trial date in this matter, defendant Ronald Colton McAbee now pivots and requests (1) severance from his co-defendants, (2) to forgo a jury trial and have a bench trial instead, and (3) that this Court set a trial date sometime between April and July 15, 2023.  Def's Reply to Govt. Opp. to Def's Mot. to Reconsider Detention ("Reply") at 29.[1]  The Government does not oppose either the defendant's request for a bench trial or an earlier trial date, so long as all parties have adequate time to prepare for trial and are able to conduct a single trial in this matter.  The Government does, however, oppose any change in trial date or format that would result in the defendant's severance from his co-defendants.

---

[1] The Reply was initially not filed on ECF due to technical issues and was instead emailed to AUSA Kearney on April 7, 2023.  Upon review, AUSA Kearney noted that the Reply included excerpts from an interview report that had been designated as "highly sensitive" pursuant to the protective order entered in this case and requested that defense counsel not file those portions publicly.  It is the Government's understanding that the entire Reply has since been filed under seal.

The defendant also asserts that he continues to experience difficulties in accessing discovery at the facility to which he was transferred subsequent to the filing of his initial motion for release, ECF No. 279 (the "Motion"). Reply at 28. The defendant's assertions regarding the discovery policies at the facility at which he is currently located are not accurate and do not support his release.

**I.      McAbee's Motion for Severance and an Earlier Trial Date**

Citing no reason other than his newfound desire for an earlier trial, McAbee now moves for severance from defendants Clayton Ray Mullins and Jeffrey Sabol.[2] Reply at 29. The Government does not object to advancing the trial date for all defendants, so long as all parties have adequate time to prepare for trial. However, the Government opposes the request for severance.

In cases with multiple defendants, the "weight of authority in this circuit and elsewhere regards Rule 8(b) as providing the sole standard for determining the permissibility of joinder of offenses." *United States v. Wilson*, 26 F.3d 142, 153 n.4 (D.C. Cir. 1994) (citations omitted); *see also United States v. Perry*, 731 F.2d 985, 989 (D.C. Cir. 1984); *United States v. Jackson*, 562 F.2d 789, 793-94 (D.C. Cir. 1977). Rule 8(b) permits joinder of defendants "alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). This circuit construes Rule 8(b) broadly in favor of joinder. *See United States v. Nicely*, 922 F.2d 850, 853 (D.C. Cir. 1991) ("[T]his circuit's law makes it difficult to prevail on a claim that there has been a misjoinder under Rule 8(b).").

---

[2] Defendant Mason Courson has pled guilty to a single charge in the Third Superseding Indictment. The Government has not yet determined whether it will dismiss the remaining charges against Courson or proceed to trial on those counts.

In this case, McAbee, Mullins, and Sabol are properly joined. Each was involved in the assault of Metropolitan Police Department ("MPD") Officer A.W. in the vicinity of an archway (the "Archway") on the lower west terrace ("LWT") of the U.S. Capitol building between approximately 4:27 p.m. and 4:28 p.m. on January 6, 2021. *See* Third Superseding Indictment, ECF No. 145, Counts 9 and 14. In particular, with respect to that assault, Officer A.W. was knocked to the ground in the Archway by codefendant Justin Jersey, and then had his baton snatched out of his hands by Sabol. As Officer A.W. lay on the ground, McAbee grabbed at Officer A.W.'s leg and torso, while Mullins grabbed Officer A.W.'s other leg and engaged in a tug-of-war with officers who were trying to pull Officer A.W. back in to the Archway. ECF No. 299 at 3-4. After another MPD officer – Officer C.M. – stepped out of the Archway in an attempt to assist Officer A.W. and another officer, McAbee stood upright and began shouting and swinging his arms at Officer C.M. McAbee then turned back to Officer A.W. and grabbed his torso, pulling him out of the Archway. The two slid down a set of stairs and into the crowd together, with McAbee on top of Officer A.W. for approximately 25 seconds. *Id.* at 5-8.

At trial, the Government intends to offer video footage of the assault of Officer A.W., including body-worn camera footage and videos taken by individuals present on the LWT. This footage is relevant to – and depicts – McAbee, Mullins, and Sabol, among others. The Government also anticipates offering the testimony of witnesses who were present during the assault and witnessed the actions of McAbee, Mullins, and Sabol. Here, there is not only "a logical relationship between the acts or transactions within the series," *United States v. Perry*, 731 F.2d 985, 990 (D.C. Cir. 1984); the evidence of the defendants' conduct is largely identical.[3]

---

[3] This is so for other charged offenses as well. McAbee is additionally charged with assaulting Officer C.M., an assault that occurred in the same location and in close temporal proximity to the

Motions for severance of properly joined defendants should be granted only where the dominant public interest in joint trials is outweighed by substantial prejudice arising from case-specific problems. *See United States v. Tucker*, 12 F.4th 804, 824, (D.C. Cir. 2021) (per curiam) ("Joint trials are preferred in federal criminal cases because they 'promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993))). "The preference for joint trials is especially strong when the respective charges require presentation of much the same evidence, testimony of the same witnesses, and involve . . . defendants who are charged, inter alia, with participating in the same illegal acts." *Id*. (internal quotation marks and citation omitted).

McAbee does not allege that he would be prejudiced by the presentation of evidence regarding his codefendants and their conduct at trial. His only asserted prejudice is his previously unexpressed desire for a trial earlier than September 25, 2023. He now asserts that he wants to waive his right to a jury trial and proceed with an "immediate" bench trial, requesting that the trial be advanced by at least 12 weeks.[4] Reply at 29. The Government does not oppose this request,

---

assault of A.W. ECF No. 145, Count 12. Sabol and Mullins are each charged with additional assaultive and/or obstructive conduct on January 6, 2021. *Id.*, Counts 1-6, 8, 10 (Sabol), Count 11 (Mullins). The conduct charged in Counts 8 (Sabol's robbery of Officer A.W.'s baton), 10 (Sabol's assault of Officer B.M.), and 11 (Mullins's assault of Officer B.M.) occurred in the same two-minute time period and in the same location as the assault charged in Count 9 and the civil disorder charged in Count 14 and much of the evidence regarding those offenses overlaps with the evidence regarding Counts 9 and 14.

[4] McAbee's counsel is unavailable beginning on July 15, 2023, Reply at 29. In order to accommodate defense counsel's obligations and due to the July 4 holiday, even a two-week trial would have to commence the week of June 26, 2023.

so long as it does not result in severance from McAbee's co-defendants and all parties are afforded adequate time to prepare for trial.[5]

Should an earlier bench trial involving all remaining defendants not be possible, the Court should not grant McAbee's motion for severance and should maintain the previously scheduled trial date. A severance here would be highly inefficient, requiring the Court to preside over two trials, at which nearly identical evidence would be presented.[6] *See Zafiro*, 506 U.S. at 540 ("Rules 8(b) and 14 are designed 'to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial.'" (quoting *Bruton v. United States*, 391 U.S. 123, 131, n. 6 (1968), alterations in *Zafiro*)); *United States v. Gibbs*, 904 F.2d 52, 56 (D.C. Cir. 1990) ("[T]his court . . . has repeatedly declared that joint trials may be preferred, given the heavy and increasing criminal case load in our criminal courts.").

---

[5] Advancing the scheduling order entered by Judge Sullivan by 12 weeks would result in the following deadlines, some of which have already passed. While it may be possible to condense the schedule, the Government submits that the any trial date prior to the end of June would not allow the parties to sufficiently litigate motions and to adequately prepare for trial.

- Expert Disclosures – April 3, 2023 (Government), May 2, 2023 (defendant);
- Pretrial Motions – March 27, 2023 (initial), April 10, 2023 (opposition), April 17, 2023 (reply);
- Motions in Limine – April 24, 2023 (initial), May 8, 2023 (opposition), May 15, 2023 (reply);
- Rule 404(b) notification – May 17, 2023.

The Government does not currently intend to offer expert testimony or file any pretrial motions other than motions in limine.

[6] The Government expects that each trial would also involve the presentation of evidence regarding how each defendant was identified and any relevant statements made by each defendant. In addition, Mr. Sabol's trial would involve the presentation of evidence regarding his conduct prior to 4:27 p.m. on January 6, 2021. *See* ECF No. 145, Counts 1-6.

While McAbee identifies no prejudice to his ability to receive a fair trial, he presumably believes that he will experience prejudice from his continued detention prior to trial. However, the approximately 12-week difference between a trial commencing the week of June 26 and a trial commencing the week of September 25 is not so great as to warrant severance. And, as outlined in the Government's opposition to McAbee's motion for pretrial release, the length of McAbee's pretrial detention, while not insignificant, does not pose constitutional concerns. *See, e.g. United State v. Rice*, 746 F.3d 1074, 1082 (D.C. Cir. 2014) ("[A]lthough Rice suffered lengthy [twenty-six month] 'pretrial incarceration' and 'anxiety and concern,' he does not even attempt to argue that he suffered 'the most serious' form of prejudice: the impairment of his defense." (quoting *Barker*, 407 U.S. at 532)); *United States v. Lopesierra-Gutierrez*, 708 F.3d 193, 203 (D.C. Cir. 2013) (three-and-one half years of pretrial delay did not violate the Sixth Amendment); *United States v. Taylor*, No. 18-198 (JEB), 2020 WL 7264070 (D.D.C. Dec. 10, 2020) (denying a motion to dismiss for a speedy trial violation, finding that the defendant's Sixth Amendment right had not been infringed notwithstanding the fact that the defendant had at that point been detained pending trial for 28 months); *United States v. Hill*, 462 F. App'x. 125, 127 (2d Cir. 2012) (26-month pretrial detention, with no set trial date, did not violate due process). This is particularly true in this case, where the September trial date has been set since February 2022, February 7, 2022 Minute Order, the defendant affirmatively requested to move from a November 2022 trial date to a September 2023 trial date, ECF No. 207, and the defendant failed to recognize this alleged prejudice until approximately two weeks ago, despite the fact that availability was created in his counsel's calendar in February 2023, Reply at 29.

II.      McAbee's Access to Discovery at the Alexandria Detention Center

In his initial Motion, McAbee claimed that he was unable to prepare for trial because the Central Virginia Regional Jail's ("CVRJ") policies prevented him from receiving thumb drives or hard drives containing discovery and counsel were not permitted to bring laptops or electronic devices into the CVRJ during visits. Mot. at 23. Subsequently, McAbee was transferred from the CVRJ to the Alexandria Detention Center ("ADC"). He now claims that he is experiencing the same difficulties in reviewing discovery at the ADC as at CVRJ. Reply at 28.

The Government has consulted with the United States Marshals Service and reviewed the ADC's website (available at https://www.alexandriava.gov/sheriff/information-for-attorneys). Based on that consultation and review, the Government has learned that inmates at the ADC are permitted to have access to laptops and hard drives provided by their legal team in the law library, so long as the laptop does not have internet access, and that any attorneys that require the use of a computer during legal visits may request authorization from an official at the facility. These policies plainly allow McAbee to review video and other evidence while incarcerated, so long as that material is provided to him in a laptop or hard drive by his counsel. The policies also allow defense counsel to request authorization to use a computer during visits, in order to review discovery with McAbee. It is thus not necessary for McAbee to be released prior to trial in order to assist in the preparation of his defense and the Court should not order his release. *See United States v. Krol*, No. CR 22-110 (RC), 2022 WL 16948611, at *12 (D.D.C. Nov. 15, 2022) citing *United States v. Diaz Guillen*, No. 18-cr-80160, 2022 WL 4119741, at *1, *5 (S.D. Fla. Sept. 9, 2022) (denying temporary release despite difficulties with reviewing discovery due to conditions and quarantine process due to COVID-19); *United States v. Persico*, No. S 84 CR 809, 1986 WL 3793, at *2 (S.D.N.Y. Mar. 27, 1986) (denying temporary release because defendant "has had

ample time to prepare his defense, even given the practical limitations on his access to telephones and the Attorney Conference Room").

## **CONCLUSION**

Although McAbee has not established sufficient prejudice to warrant severance from his co-defendants, the Government does not object to McAbee's request to advance his trial date and to forgo a jury trial, so long as all parties are able to adequately prepare for a single trial. McAbee has also not established that the policies in place at the ADC prevent him from participating in the preparation of his defense to such an extent as would warrant his release pretrial. The Court should therefore deny his renewed motion for pretrial release.

                    Respectfully submitted,

                    MATTHEW M. GRAVES
                    United States Attorney
                    D.C. Bar No. 481052

By:    */s/ Benet J. Kearney*_____
        Benet J. Kearney
        NY Bar No. 4774048
        Assistant United States Attorney
        601 D Street, N.W.
        Washington, D.C. 20530
        (212) 637 2260
        Benet.Kearney@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that a copy of the Government's Response to Defendant's Motion for Severance and Renewed Motion for Release From Pretrial Detention was served on all counsel of record via the Court's electronic filing service.

                                              */s/ Benet J. Kearney*
                                              BENET J. KEARNEY
                                              Assistant United States Attorney

Date: April 21, 2023