UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | |
| | : | CASE NO. 21-cr-035 (RC) |
| **RONALD COLTON MCABEE,** | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' NOTICE OF INFORMATION IN PREPARATION
FOR THE SEPTEMBER 13, 2023 HEARING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully provides the following information to the Court in preparation for the hearing concerning Ronald Colton McAbee on September 13, 2023.

**I.     BACKGROUND**

**A.  The Indictment**

On November 17, 2021, a grand jury in this district returned a twenty-four count superseding indictment in the above-captioned case (the "Superseding Indictment").  ECF No. 154.  The Superseding Indictment charged the defendant with:

- **Count Nine**: Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon and Aiding and Abetting, in violation of 18 U.S.C. §§ 111(a)(1) and (b), and 2;

- **Count Twelve**: Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1);

- **Count Fourteen**: Civil Disorder, in violation of 18 U.S.C. § 231(a)(3);

- **Count Eighteen**: Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(1) and (b)(1)(A);

- **Count Nineteen**: Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A);

- **Count Twenty**: Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A);

- **Count Twenty-Four**: Act of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(F).

The defendant has indicated that he may seek to plead guilty, without the benefit of a plea agreement. The government is unsure which counts Defendant McAbee may be pleading guilty to and will therefore provide the maximum sentences and elements for all charged counts.

**B. The Statutory Maximum Sentence**

If found guilty of a violation of 18 U.S.C. § 111(a)(1) and (b) and 2 (**Count Nine**), the defendant faces a maximum term of imprisonment of 20 years, up to a $250,000.00 fine, up to three years of supervised release, a $100 special penalty assessment, and restitution as may be ordered by the Court.

If found guilty of a violation of 18 U.S.C. § 111(a)(1) (**Count Twelve**), the defendant faces a maximum term of imprisonment of 8 years, up to a $250,000.00 fine, up to three years of supervised release, a $100 special penalty assessment, and restitution as may be ordered by the Court.

If found guilty of a violation of 18 U.S.C. § 231 (a)(3) (**Count Fourteen**), the defendant faces a maximum term of imprisonment of 5 years, up to a $250,000.00 fine, up to three years of supervised release, a $100 special penalty assessment, and restitution as may be ordered by the Court.

If found guilty of a violation of 18 U.S.C. § 1752(a)(1) an (b)(1)(A) (**Count Eighteen**), the defendant faces a maximum term of imprisonment of 10 years, up to a $250,000.00 fine, up

to three years of supervised release, a $100 special penalty assessment, and restitution as may be ordered by the Court.

If found guilty of a violation of 18 U.S.C. § 1752(a)(2) an (b)(1)(A) (**Count Nineteen**), the defendant faces a maximum term of imprisonment of 10 years, up to a $250,000.00 fine, up to three years of supervised release, a $100 special penalty assessment, and restitution as may be ordered by the Court.

If found guilty of a violation of 18 U.S.C. § 1752(a)(4) an (b)(1)(A) (**Count Twenty**), the defendant faces a maximum term of imprisonment of 10 years, up to a $250,000.00 fine, up to three years of supervised release, a $100 special penalty assessment, and restitution as may be ordered by the Court.

If found guilty of a violation of 40 U.S.C. § 5104(e)(2)(F) (**Count Twenty-Four**), the defendant faces carries a maximum sentence of six (6) months of imprisonment, pursuant to 40 U.S.C. § 5109(b); a term of probation of not more than five (5) years, pursuant to 18 U.S.C. § 3561(c); a fine of not more than $5,000, pursuant to 18 U.S.C. § 3571(b)(6); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made.

**C. The Elements of Each Offense**

18 U.S.C. §§ 111(a)(1) and (b) and 2 **(Count Nine):**

1. First, the defendant assaulted , resisted, opposed, impeded, intimidated, or interfered with  Officer A.W.
2. Second, the defendant did such acts forcibly.
3. Third, the defendant did such acts voluntarily and intentionally.
4. Fourth, Officer A.W. was assisting officers of the United States who were then engaged in the performance of their official duties.

5. Fifth, in doing such acts, the defendant inflicted bodily injury on A.W.[1]

**18 U.S.C. § 111(a)(1) (Count Twelve):**

1. First, the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer C.M.

2. Second, the defendant did such acts forcibly.

3. Third, the defendant did such acts voluntarily and intentionally.

4. Fourth, Officer C.M. was assisting officers of the United States who were then engaged in the performance of their official duties.

5. Fifth, the defendant made physical contact with Officer C.M. or acted with the intent to commit another felony.

**18 U.S.C. § 231 (a)(3) (Count Fourteen):**

1. First, the defendant knowingly committed or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

2. Second, at the time of the defendant's actual or attempted act, the law enforcement officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

3. Third, the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce, or the conduct or performance of any federally protected function.

---

[1] The elements for §2 (Aiding and Abetting) are as follows:
First, that others committed assault by committing each of the elements of the offense charged.
Second, that the defendant knew that assault was going to be committed or was being committed by others.
Third, that the defendant performed an act or acts in furtherance of the offense.
Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of assault.
Fifth, that the defendant did that act or acts with the intent that others commit the offense of assault.

18 U.S.C. § 1752(a)(1) an (b)(1)(A) (**Count Eighteen**):

1. First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.
2. Second, the defendant did so knowingly.
3. Third, the defendant knowingly used or carried a deadly or dangerous weapon (reinforced gloves) during and in relation to the offense.

18 U.S.C. § 1752(a)(2) an (b)(1)(A) (**Count Nineteen**):

1. First, the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.
2. Second, the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.
3. Third, the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.
4. Fourth, the defendant knowingly used or carried a deadly or dangerous weapon (reinforced gloves) during and in relation to the offense.

18 U.S.C. § 1752(a)(4) an (b)(1)(A) (**Count Twenty**):

1. First, the defendant engaged in an act of physical violence against a person in, or in proximity to, a restricted building or grounds.
2. Second, the defendant did so knowingly.
3. Third, the defendant knowingly used or carried a deadly or dangerous weapon (reinforced gloves) during and in relation to the offense.

40 U.S.C. § 5104(e)(2)(F) (**Count Twenty-Four**):

1. First, the defendant engaged in an act of physical violence within the Capitol Buildings

or Grounds.

2. Second, the defendant acted willfully and knowingly.

                                         Respectfully submitted,

                                         MATTHEW M. GRAVES
                                         United States Attorney
                                         D.C. Bar No. 481052

By:     _____
             ALEXANDRA F. FOSTER
             Assistant United States Attorney - Detailee
             D.C. U.S. Attorney's Office
             601 D Street, N.W.
             Washington, D.C. 20530
             619-546-6735
             Alexandra.Foster@usdoj.gov

_____
Benet J. Kearney
New York Bar No. 4774048
Assistant United States Attorney
1 Saint Andrew's Plaza
New York, New York 10007
Benet.Kearney@usdoj.gov
(212) 637 2260

6