USA v. McAbee, 21-CR-35

**Rudolph Contreras**

---

**From:** Kearney, Benet (USADC) <Benet.Kearney@usdoj.gov>
**Sent:** Saturday, October 7, 2023 10:20 PM
**To:** Schiffelbein, Benjamin (FD); RC DCDecf; Foster, Alexandra (USADC)
**Subject:** RE: Defense theory instruction

**CAUTION - EXTERNAL:**

Good Evening,

With respect to the first paragraph, the government has no objection to the first sentence ("Mr. McAbee has asserted a defense that when he made physical contact with Officer Wayte, he was attempting to help him"). However, we do not believe that the second sentence ("It is not a crime to come into physical contact with law enforcement officers with the intent to aid them") is an accurate statement of the law. A violation of section 111 is a general intent crime. *See United States v. Kimes,* 246 F.3d 800, 809 (6th Cir. 2001); *United States v. Kleinbart,* 27 F.3d 586, 592 (D.C. Cir. 1994). The government must therefore prove "the knowing commission of an act that the law makes a crime," but not "additional 'bad purpose.'" *Kleinbart,* 27 F.3d 592 n. 4. Further, the second sentence could cause confusion with respect to the civil disorder charge.

The government proposes the following for the second paragraph:

Before trial began, Mr. McAbee pled guilty to assaulting Officer Moore and engaging in physical violence on Capitol Grounds. The fact that Mr. McAbee pled guilty to one assault is not itself evidence that Mr. McAbee committed the charged offenses. However, you may consider the fact that Mr. McAbee pled guilty to an assault, and the other actions to which he admitted, in assessing his mental state at the time of the charged offenses.

Thank you,

Benet J. Kearney
Assistant United States Attorney
Detailed to DC-USAO
United States Attorney's Office
Southern District of New York
One Saint Andrew's Plaza
New York, New York 10007
P: 212-637-2260
F: 212-637-0084

LEAVE TO FILE GRANTED
/s/ RC 10/10/2023

---

**From:** Benjamin Schiffelbein <Benjamin_Schiffelbein@fd.org>
**Sent:** Saturday, October 7, 2023 6:05 AM
**To:** RC DCDecf <RC_DCDecf@dcd.uscourts.gov>; Foster, Alexandra (USADC) <AFoster@usa.doj.gov>; Kearney, Benet (USADC) <BKearney@usa.doj.gov>
**Subject:** [EXTERNAL] Defense theory instruction

Good morning,

1

The defense proposed theory of the case instruction is below, and I thought it may be helpful to provide an instruction on Mr. McAbee's guilty plea.

Mr. McAbee has asserted a defense that when he made physical contact with Officer Wayte, he was attempting to help him. It is not a crime to come into physical contact with law enforcement officers with the intent to aid them.

Before trial began, Mr. McAbee plead guilty to assaulting officer Moore. The fact that Mr. McAbee plead guilty to one assault is not itself evidence that Mr. McAbee committed the charged offenses. And you should not speculate about what, if any, punishment may be imposed as a result of his guilty plea. However, you may consider the fact that Mr. McAbee plead guilty to an assault charge and the actions to which he admitted in assessing his mental state at the time of the charged offenses.

Get Outlook for iOS

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**Rudolph Contreras**

| | |
|---|---|
| **From:** | Rudolph Contreras |
| **Sent:** | Monday, October 9, 2023 1:02 PM |
| **To:** | Kearney, Benet (USADC); Schiffelbein, Benjamin (FD); Foster, Alexandra (USADC) |
| **Cc:** | Kevin Kowalewski; Emile Katz |
| **Subject:** | Jury Instructions |
| **Attachments:** | USA v. McAbee -- Jury Instructions.pdf |

Note that the Defense Theory instruction as well as the Prior Guilty Plea instruction required tweaking other instructions. The Defense Theory instruction required me to include a line in the substantive instruction to the applicable count to address the general intent issue. And the Prior Guilty Plea instruction required me to pair it with the Not to Consider Punishment instruction and modify it to make clear that punishment on any of the charges, those before the jury and those previously pled to, is not be considered. Thanks, Rudy.